## BOHANNAN v. WATTS and WATTS, Ex'rs.

1. The statute prohibiting the prosecution of a writ of error, after three years from the rendition of a final judgment, applies to final decrees of the orphans' court.

Error to the Orphans' Court of Dallas.

G. R. Evans, for plaintiff in error. 1. The orphans' court had no authority to settle with, or discharge the defendants in in error, for the administration of their deceased testator, on the estate of James Wade, deceased. Taliaferro, Adm'r, v. Bassett and wife, 3 Ala. 670; Snedicor v. Carnes, 8 Ib. 655.

2. There is no limitation to suing out a writ of error from the orphans' or chancery court, except in certain special cases, in matters pertaining to insolvent estates, &c. Clay's Dig. 309, § 17; Ib. 285, § 1, 4. The only general limitation to writs of error (Clay's Dig. 309, § 17,) is limited by its express terms, to writs of error to the circuit court. Ib. County Courts, 207, § 4. As to the regularity of proceedings on settlement, see 5 Ala. 473; 1 Ib. 394, and cases referred to.

CHILTON, J.—The final decree was rendered in this cause, on the 16th June, 1842, and the writ of error was sued out on the 24th May, 1848, so that nearly six years intervened between the final decree and the issuance of the writ of error. The question is presented, whether the writ of error is not barred by the statute, and should not be dismissed.

By the 7th section of the act of 1820, (Dig. 309, § 17,) it is provided, "a writ of error may issue to reverse a final judgment in the circuit court at any time within three years after the rendition of the judgment, and not afterwards." By the 23d section of the act of 1821, in relation to the jurisdiction of the county or orphans' court, it is provided, that "from any judgment or order final, whether in vacation or term time, an appeal or writ of error shall lie to the circuit or su-

preme court, in the same manner as upon judgments of the
circuit courts. (Clay's Dig. 297, § 4.) It is contended by
the counsel for the plaintiffs in error, that this statute merely
relates to the *manner* in which appeals may be prosecuted,
or writs of error shall be sued out, and does not have refer-
ence to the time within which they may be taken. We do
not agree with the counsel, and think such construction
would do violence to the intention of the legislature. It can
hardly be presumed, that the legislature has prescribed no
time within which a writ of error may be sued out, from the
decree of the orphans' court. It would perhaps be difficult
to obtain competent persons to serve as executors and admin-
istrators, if by law the time should never arrive when the
proceedings of the court discharging them, could not be over-
hauled. The want of such a statute would be very severe-
ly felt, and consequences the most disastrous would doubt-
less often ensue to the executors and other fiduciary agents
who are required to settle with the orphans' court, if, after
the lapse of many years, their settlements should be opened,
and they were again required to prove the various items con-
tained in their accounts. Besides, if the construction con-
tended for were allowed, the statutes upon the subject would
exhibit a striking want of conformity in their application to
the same subject matter when tried in different courts. The
chancery courts, under certain circumstances, have concur-
rent jurisdiction with the orphans' court of estates of deceas-
ed persons. It cannot be denied, that the three years limita-
tion applies to final decrees in that court. In cases where
the orphans' court judge is incompetent to sit, the settlement
of the estate is to be transferred to the chancellor. Now, is it
reasonable to suppose the legislature could have intended that
the accidental circumstance of the judge being interested as
a party, or as counsel, or as related to some of the parties,
should change the bar of the statute of limitations with res-
pect to an appeal, or writ of error? We think it clear
the statute was designed to apply alike to writs of er-
ror from all the courts to which such writs would lie from
the supreme court, and that the 23d section of the act of
1821, (Dig. 197, § 4,) applies as well to the time when, as to
the mode in which such writs of error or appeals should be

taken from the orphans' court to the circuit or supreme court. This construction makes the statutes harmonize, and in our opinion fully accords with the policy of our various legislative enactments upon the subject.   See Clay's Dig. 195, §14, where writs of error or appeals from judgments of orphans' courts upon trials of issues, under the act of 1843, are limited to one year.   See also, Boyett et al. v. Kerr, 7 Ala. Rep. 14.

Writ of error dismissed.