## BINFORD *vs.* BINFORD.

1. The limitation for writs of error from decrees of the Court of Probate, is three years.
2. When a minor propounds his interest by petition to the Court of Probate, and is made a party to a decree previously rendered, for the purpose of contesting its validity by writ of error, the entry making him a party relates back to the rendition of the decree, and he must sue out his writ of error within three years from the rendition of that decree.

ERROR to the Circuit Court of Limestone.

Tried before the Hon. THOMAS A. WALKER.

Addison H. Binford, the plaintiff in error, made a final settlement in 1848, with the Orphans' Court of Limestone, of his guardianship of Robert H. Binford, the defendant in error. The record shows, that forty days' notice of this settlement was given by publication according to law; that the guardian's accounts and vouchers were filed for the same length of time; and that when the accounts and vouchers were audited and examined, a balance was found in favor of the ward, for which a decree was rendered.

No further proceedings appear to have been taken until 1852, when the ward, by his next friend and guardian, filed his petition in the Court of Probate, setting forth the said set-

tlement and decree, and alleging that he was a minor at the time of its rendition, and also at the time of filing his petition; that, on said settlement, no guardian *ad litem* had been appointed for him; that the notice required by law had not been given, and that the decree was therefore erroneous. The prayer of his petition was, that he might be made a party to said decree, for the purpose of suing out a writ of error to reverse it.

Exceptive allegations to this petition were filed by the former guardian, which it is unnecessary to notice, as they do not enter into the opinion of the court. On the hearing of the petition, the ward, by his next friend and guardian, was made a party to said decree, and an order was entered to that effect on February 23, 1852.

The ward then sued out a writ of error to reverse said decree rendered in 1848, returnable to the Circuit Court, and there assigned for error the failure to appoint a guardian *ad litem* for him on said settlement. The defendant in error in that court moved to dismiss the writ of error; but his motion was overruled, and judgment was rendered reversing the decree of the Orphans' Court, and remanding the cause.

From this judgment of the Circuit Court, a writ of error is sued out to this court; and the errors here assigned are, the refusal of the Circuit Court to dismiss the writ of error, and the judgment of reversal.

E. J. JONES, for plaintiff in error.

ROBERT C. BRICKELL and LUKE PRYOR, *contra*.

GOLDTHWAITE, J.—The only question necessary to consider in this case, arises upon the action of the Circuit Court in overruling the motion there made to dismiss the writ of error. The decree of the Orphans' Court was rendered in 1848; the writ of error was not sued out until 1852; and it has been settled by this court, that the period of limitation for writs of error upon decrees of the Orphans' Court, is three years. Bohannan v. Watts, 14 Ala. 574.

This would appear to be decisive of the case; but it is urged on the part of the defendant in error, that he was not a party to the decree rendered in 1848, not being represented

by guardian *ad litem* upon the settlement on which the same was based; that he only became a party by the subsequent proceedings in the Court of Probate, and the order there made in February, 1852; and that the decree was only operative, as against him, from that date.

It is true, that in cases pending in the Probate Court, any person claiming an interest in the cause or subject matter of the suit may intervene, and by petition make himself a party; and being made a party, he can then properly sue out a writ of error. Watson v. May, 8 Ala. 177. The case of Lee v. Browning, 15 Ala. 499, goes a step further, and recognizes the practice of making new parties after a final decree, for the purpose of reversing the same on error. Where, however, this is done, the person thus made a party stands precisely in the same situation as if he had been upon the record at the rendition of the decree. If he was allowed three years from the time he was thus made a party, within which to sue out his writ of error, it follows that any one who would have the right, under the decision last referred to, to come into the case, might postpone the revision of the decree beyond the period fixed by law, and by this course effectually defeat the limitation to writs of error as fixed by the legislature. To avoid these consequences, we must hold that, when a party is made after the rendition of a decree in the Probate Court, for the purpose of contesting its validity by writ of error, the entry making him a party relates back to the rendition of the decree; and that being the case, he would be required to bring his writ of error within three years from the rendition of the decree which it is his object to reverse.

Our opinion on this point, as it is decisive of the case, renders it unnecessary to decide the other points made. The Circuit Court should have dismissed the writ of error; its judgment is therefore reversed, and judgment here rendered dismissing such writ.