## LEES v. BROWNINGS.

1. A will ordered to probate, without citation to the next of kin resident within the State, or to their guardians, they being minors, is erroneous.
2. When a will has been ordered to probate, without citation to the next of kin, they may be made parties on petition, and sue out a writ of error.

Error to the Orphans' Court of Marengo. Before Hon. J. A. Young, Judge.

On the 23d day of October, 1845, Susan Browning, and William G. Browning, propounded to the orphans' court of Marengo, a paper for probate, purporting to be the last will and testament of Nelson Browning, deceased. Citation was ordered to issue to Joseph L. Browning, and to Wayne E. Lee, guardian of Deartha Lee, Verilta Lee, and Greene W. Lee, who were the next of kin, to show cause why said will should not be admitted to probate. The record shows, that citation was issued to Joseph L. Browning, which was served on him, but it does not appear that any notice ever is-

sued to Wayne Lee, the guardian of Deartha, Verilta, and Greene W. Lee, nor to the minors themselves. The will was probated on the 3d of November, 1845, no one appearing to object to the probate.

In September, 1848, the Lees, who were minors, by their next friend, filed a petition to the orphans' court, showing that they were the children of Mary Lee, who was the sister of the testator, but who had died before the death of the testator, and prayed to be admitted as parties to the judgment probating said will. Notice of this petition being served on the executors, and Joseph L. Browning, and no objection being made, the prayer of the petition, was granted, and they were made parties to the record. They now sue out this writ of error, and here assign as error, that they as the next of kin, had no notice of the probate of said will.

BROOKS & BYRD, for plaintiffs in error.

1. The statute is explicit in requiring the next of kin to be informed of the application for the probate of the will of a deceased relative. Clay's Dig. 303, § 34; Shields et al. v. Alston, 4 Ala. Rep. 249.

2. And even the recital in the record, that "due and proper notice was given to the next of kin of the testator," will not authorize the conclusion, that a minor one of the next of kin had been legally notified, or waived notice —there being no notice in the record. Shields et al. v. Alston, *supra*.

3. Where any one claims the right to examine the correctness of a final decree, the proper practice is, for him to propound his interest to the court in which the decree is rendered, to make himself a party, so as to sue out a writ of error, or appeal. Watson and wife v. May, 8 Ala. Rep. 177.

4. The probate of a will, or the refusal to probate a will, by the orphans' court, is such a final decree as will support a writ of error. Shields et al. v. Alston, *supra*.

No counsel for defendants.

DARGAN, J.—The statute, in express language, requires the next of kin to be informed of an application to probate the

will of a deceased relative, and only allows the application to be heard, and determined without notice, when the next of kin do not reside in the State. ' Clay's Dig. 303. The record shows, that the minor heirs of Mary Lee, were of the next of kin to the testator, and interested with the other next of kin, in his estate. Yet the will was probated without notice to them, or to their guardian. This is clearly an error, for which the probate of the will must be reversed. 4 Ala. Rep. 242.

The plaintiffs in error, claiming an interest in the estate of the deceased, and a right to examine into the decree probating his will, filed their petition, setting forth their interest; and notice of their petition being given to the executors, and other next of kin, they were admitted as parties to the record. This is the correct practice, and entitles them to sue out a writ of error. Watson and wife v. May, 9 Ala. Rep. 177.

The final decree probating the will, must be reversed, and the cause remanded, for further proceedings.