## McCONICO, ADM'R, vs. CANNON, ADM'R.

1. A decree rendered by the Probate Court on the final settlement of an estate, distributing the share of a deceased distributee directly among his children, held erroneous, and reversed on appeal sued out by his administrator, who had been made a party to the decree, on petition, for the purpose of taking an appeal.

APPEAL from the Court of Probate of Choctaw.

COLEMAN & VARY, for the appellant.

GOLDTHWAITE, J.—The appellee was the administrator of Benjamim Mason, deceased, and Thomas Mason was one of the distributees. Thomas Mason having died while the estate was in process of administration, the Probate Court, instead of bringing his personal representative before it, rendered a decree, on final settlement, distributing his share directly among his chidren. After this decree had been rendered, the appellant, who was the administrator of said Thomas Mason, propounded his interest by petition, and was made a party to the decree ; and he now brings his appeal therefrom to this court.

The appellant, having an interest in the distribution of the estate, was properly made a party to the decree for the purpose of taking an appeal (Lees v. Browning, 15 Ala. 495 ; Watson v. May, 8 ib. 177) ; and we have repeatedly held, that where a person entitled to distribution of an estate dies, it is error to proceed to a final settlement without his personal representative.—Boyett v. Kerr, 7 Ala.9 ; Reynolds v. Reynolds, 11 ib. 1023 ; Hall v. Andrews, 17 ib. 40. That the omission to have the necessary parties before the court on the final decree, may be taken advantage of in this court, though not made in the court below, see Gould v. Hayes, 19 Ala. 438 ; McMaken v. McMaken, 18 ib. 576.

Let the decree be reversed, and the cause remanded.