# Townsend *v.* Steel.

*Petition by Administrator, for Sale of Lands for Distribution.*

1. *Sufficiency of petition; averment as to names of heirs.*—In a petition by an administrator for the sale of lands for equitable division, an averment that Lewis N. and Nancy N. "claim to be the lawful heirs and distributees of said decedent, and he states to the best of his knowledge, information and belief, and after diligent search, that they are the only heirs at law and distributees of the said decedent," is a sufficient compliance with the statutory requisition (Code, § 2106), and gives the court jurisdiction to order a sale.

2. *Making parties to petition.*—If the administrator's petition purports to set out the names of all the heirs and distributees, but in fact omits one or more, the persons so omitted may intervene by petition, and ask to be made parties, in order that they may contest the application for an order of sale; but it is error to dismiss the administrator's petition, because a person who is not named as one of the heirs claims to be the sole heir, but adduces no evidence of his right or claim.

APPEAL from the Probate Court of Madison.

Heard before the Hon. THOS. J. TAYLOR.

[Townsend v. Steel.]

In the matter of the petition of Thomas W. Townsend, as administrator of the estate of Thomas Dorse, deceased, for an order to sell lands for distribution, or equitable division. The original petition alleged, *"that the heirs of said decedent are not fully known to the administrator:* Lewis Novell and Nancy Novell claim to be the lawful heirs and distributees of said Thomas Dorse, who are over twenty-one years, of sound mind, and reside in Madison county. *The administrator is not able to give a full and satisfactory list of the heirs of said decedent*; and that said lands can not be fairly and equitably divided among said alleged heirs, without a sale of the same." On the day appointed for the hearing, as the judgment-entry recites, Mary Steel appeared by attorney, "who avers herself to be the only heir at law of said decedent, and moved the court to strike the administrator's said petition and application from the files, because it shows that said court is without jurisdiction in the premises." Thereupon, the administrator amended his petition, striking out the words above italicized, and inserting these words: "He states to the best of his knowledge, information and belief, and after diligent search, that the said Lewis Novell and Nancy Novell are the only heirs at law and distributees of the said Thomas Dorse." The bill of exceptions adds: "There being no other evidence submitted, the petition as amended and the motion to dismiss it were submitted to the court for decision;" and the court thereupon dismissed the petition. The administrator excepted to this ruling and judgment, and he here assigns it as error.

WM. RICHARDSON, for appellant, cited *Lyons v. Hamner*, 84 Ala. 197; *Duval v. McLoskey*, 1 Ala. 708.

LAWRENCE COOPER, *contra*, cited *Bingham v. Jones*, 84 Ala. 202.

SOMERVILLE, J.—The only error assigned is based on the action of the Probate Court in dismissing the application of the administrator to sell the lands for distribution among the heirs of the decedent. The whole inquiry is, whether the statement of facts in the application conferred jurisdiction on the court to make the order of sale authorized by the statute. The only objection urged to the sufficiency of the amended petition is, that it fails to state the names of the heirs with reasonable certainty. The

[Townsend v. Steel.]

averment made by the administrator on this point is, that "Lewis Novell and Nancy Novell claim to be the lawful heirs and distributees of the said Thomas Dorse," the decedent; and he further states, that "to the best of his (the administrator's) *knowledge, information and belief,* and after diligent search, the said Lewis Novell and Nancy Novell *are the only heirs* at law and distributees of the said Thomas Dorse."

This averment, in connection with other requisite allegations as to the sufficiency of which no objection is taken, was in full compliance with the statute providing that the names of the heirs must be stated, and was *prima facie* sufficient to confer jurisdiction on the Probate Court to hear and determine the matters alleged in the petition.—Code, 1886, § 2106.

The only basis of knowledge, in such cases, must be either what is personally known to the petitioner, or such information as he may derive from others on inquiry. If the names of the heirs had been stated without more, it would have been implied that the statement was made only to the best of the petitioner's knowledge and information. To verify it by the additional confirmation of his "belief" that the fact stated was true, could in no manner detract from the force of the allegation. It rather strengthens it.

The judgment will be reversed, on the authority of *Lyons v. Hamner,* 84 Ala. 197, and the cases cited and reviewed at length in the opinion of the court in that case. There is nothing in the case of *Bingham v. Jones,* 84 Ala. 202, cited by appellee's counsel, which countenances a different view of the case.

The record shows that the appellee appeared in the court below, claiming to be the sole heir at law of the decedent; and on her motion the petition of the administrator was dismissed. The bill of exceptions, however, which purports to set out all the evidence, fails to show that she was an heir at all, or had any interest in the estate of Dorse. If she had appeared, and satisfied the court *prima facie* that she was an heir, the proper practice would be to permit her to be made a party defendant, with permission to controvert the application, including the statement as to who were the real heirs of the decedent. We have often held, in such cases, that an heir, whose name is omitted from the application, may appear, even after judgment, and be made a party to the record, on petition and proof of interest, in

[Nelms v. Hill.]

order to sue out an appeal to this court, this being the only mode in which the interest of such heir can be properly protected, after the order of sale is made.—*Lyons v. Hamner*, 84 Ala. 201, *supra*, and cases cited on page 202.    It follows, necessarily, that they may become parties during the pendency of the proceeding in the court below, on like application and proof.    Otherwise, the right of reversal would be futile, and without any benefit to the successful appellant.    Where such proof is made to the satisfaction of the court, it defeats the application, by disproving an essential averment as to who the heirs are, unless the petition be amended to correspond with such proof.    The *allegata* and *probata* must correspond, as to all matters material, as well in the Probate as in the Chancery Court.

The court erred in dismissing the application, in view of the fact that there was no evidence showing that the appellee, or any other person than the two named, was the lawful heir of the decedent.

Reversed and remanded.