·· [*Ex parte* Breedlove.] . ·

BRICKELL, C. J., *dissents*.

# Ex Parte Breedlove.

*Application for Mandamus to Chancellor on Refusal to allow Petitioner to come in as Party to Pending Suit.*

1. *Intervention of third persons as parties to pending suit in chancery by petition.*—Where a third person has an interest in a fund which is in the custody or under the control of the chancery court, and he desires to secure its proper administration and distribution, he should be allowed, on petition, to come in as a party to a pending suit; and upon the chancellor refusing such petition, he will be compelled thereto by *mandamus*.

2. *Same; case at bar.*—Where a tenant is ejected from the possession of the rented premises and is deprived of the crop grown thereon, and his landlord subsequently successfully prosecutes another action of ejectment and re-gains possession of the lands, and, under a bill filed for that purpose, has a receiver appointed to take charge of and gather the crop, and the proceeds of the crop are in the hands of the receiver, such tenant is entitled to be made a party to the receivership case, and upon his petition therefor being denied, the chancellor will be compelled by *mandamus* to allow the intervention.

The facts of the case are sufficiently stated in the opinion.

M. N. CARLISLE, for petitioner, cited 2 Brick. Dig., 240, §4; 3 Brick. Dig. 625, §2; *Ex parte Printup*, 87

Ala. 148; *Cook v. Mancius,* 5 Johns. Ch. 89; *Whitbeck v. Edgar,* 2 Barb. Ch. 106.

R. L. HARMON, *contra,* cited 3 Brick. Dig. 625, § § 2, 6; *Ex parte Printup,* 87 Ala. 148; *Ex parte Burtis,* 103 U .S. 238.

BRICKELL, C. J.—The following facts, among others, are disclosed by the petition in this case: The petitioner rented a tract of land from Mary W. Johnson for the year 1894, agreeing to pay as rent two bales of lint cotton. A statutory action of ejectment was brought against him for the land by one Martin. Petitioner gave notice of this suit to his landlord's agent, who promised that the suit would be defended, and that petitioner should be protected in his possession. No defense, however, was made to the suit, Martin recovered judgment therein, and under execution on this judgment was placed in possession of the land, together with the crop made thereon by the petitioner. Before the crop was gathered, petitioner's landlord brought a statutory action of ejectment for the land, and, under a bill in chancery filed for that purpose, had a receiver appointed to take charge of and gather the crop. Judgment having been rendered for the plaintiff in this latter action of ejectment, and the proceeds of the crop being in the hands of the receiver, petitioner filed his petition in the receivership case, setting up the facts above stated, asking to be admitted as a party defendant in that case, praying that his petition be taken as a cross-bill, that process issue thereon, that the proceeds of the sale of the crop, less the amount due to the landlord as rent, be paid to him, etc. This petition was denied by the chancellor. Thereupon, the present application was made to this court for a writ of *mandamus* to the chancellor requiring him to grant the petitioner's application to be made a party to the receivership case, and for general relief. This is not an application by a stranger to intervene generally in a pending cause, and to exercise therein all the rights of an original party defendant. It is well settled in this State that a stranger has no such right of intervention. —*Ex parte Printup,* 87 Ala. 148;

*Renfro Bros. v. Goetter, Weil & Co.,* 78 Ala. 314. The petitioner does not seek the opportunity of making a defense to the bill for a receiver, or of defeating the object of that suit. He simply asserts the right to share in the fund which has been brought into court as the result of that proceeding. This court has fully recognized the right of a stranger to intervene only for the purpose of the proper administration of a fund, which is in the custody or control of the court, and in which he, though not a party, is entitled to share.—*Ex parte Printup,* 87 Ala. 148, *supra; Carlin v. Jones,* 55 Ala. 624. It is the right of intervention recognized in these cases which is asserted in the present case. The court by its receiver took possession of the crop in order to protect the rights of the land owner. A tenant of the land owner may also have an interest in the property so sequestered, the assertion of which does not involve a denial of the rights of the landowner but merely presents a question really involved in the due discharge by the court of the duty assumed by it of making distribution of the fund drawn into its custody by the receivership. The court is not to shut its eyes to the fact that there may be other claims upon the fund besides that of the complainant. The result of recognizing and enforcing such claims is not to render the process of the court ineffectual for the protection of the suitor who has invoked it, but to prevent its being abused to the injury of third persons. A proper administration of the fund requires the consideration of such claims when duly presented.—*Krippendorf v. Hyde,* 110 U. S. 276.

Let the writ of *mandamus* issue, directing the chancellor to vacate and set aside the decretal order denying the application of the petitioner to be made a party to said receivership suit, and to proceed to the hearing and determination of the claim presented by said application.