# Ex Parte Randall.

## *Mandamus.*

(Decided Dec. 18th, 1906.    42 So. Rep. 870.)

1. *Attorney and Client; Duty to Client; Acting for Adverse Party.*—
   Where the defendant's attorney is authorized in writing by plaintiff to have a cause dismissed, and made such motion under such authority, it is not a representation of both parties by him.

[Ex Parte Randall.]

2. *Same; Settlement by Client.*—A party has a right to·make any settlement or compromise he pleases with the other party and to order a dismissal of the suit, if he be plaintiff, whether he has employed counsel or not.

3. *Parties Plaintiffs; Persons Who May Sue; Real Party in Interest.*—The party to whom payment can be legally made, and who can legally discharge the debtor may bring the suit in his name, although it be for the use of some other person to whom he is bound to pay the money, when collected.

4. *Same.*—Where it is shown that a party was informed of the transfer of the claim to him and knew of the institution of suit in his name, and did not disavow the trust, his acceptance of the trust will be resumed.

5. *Same; Right to Sue in Name of Another.*—The beneficial owner of a chose in action, or property, has the right to use the name of the person holding the legal title, in a suit to recover the money or property, upon indemnifying the holder of the legal title against costs, and the owner of the legal title has no right to dismiss a suit so brought.

6. *Same.*—Party holding the legal title to the chose in action whose name is used as the party plaintiff by the person having the beneficial interest therein, has the right to be heard on the question of fact as to whether the beneficial interest is in the party who claims it.

Original Petition in Supreme Court.

Mandamus, on the relation of W. H. Randall, against the Yellow Pine Lumber Company, to compel the dismissal of a suit. Writ denied.

R. W. STOUTZ, for appellant.—An attorney is but a special agent.—*Robinson v. Murphy*, 69 Ala. 547; *Chapman v. Cowles*, 41 Ala. 103. A client may dismiss a suit without knowledge or assent of the attorney.— *White v. Nance*, 16 Ala. 345; *Cameron v. Boeger*, 93 Am. St. Rep. 165; *Williams v. Miles*, 93 Neb. 851; *Peoples Bank v. Superior Court*, 43 Am. St. Rep. 147. A client may settle or compromise with the opposite party and exclude the attorney's lien.—3 A. & E. Ency. of Law, 465. Only the client can enter a retraxit.— *Thomason v. Odom*, 31 Ala. 108; 4 Cyc. 937. A stranger will not be allowed to interfere and prevent dismis-

41

sal of the cause.—*Gay v. Orrcutt,* 169 Mo. 400; 14 Cyc. 410.

SAMUEL B. BROWNE, pro se.

SIMPSON, J.—This was an application for a writ of mandamus to the judge of the Thirteenth judicial circuit to compel the dismissal of a suit. The facts are that a suit was brought in said court by lawyers of Moble, in the name of W. H. Randall, against the Yellow Pine Lumber Company, in the circuit court of Washington county; the complaint contained the general counts and being based on an account. The suit was commenced October 9, 1903. After said case had been to the Supreme Court and returned to the docket, it was called for trial on March 6, 1906, at which time counsel for defendant presented to the court a power of attorney from the plaintiff authorizing the dismissal of the cause, and stating that he had never authorized any one to bring the suit and did not wish it prosecuted any further. The court refused to hear the said attorney, because he was the attorney for the defendant and could not be allowed to represent both sides of the case. The plaintiff himself then appeared and made the same statement. to the effect that he had not employed any one to bring the suit, that he did not desire to prosecute it further, and moved to dismiss the case, which motion was refused.

We will say in the outset that, while it is true that an attorney cannot represent both sides in a litigated case, yet, when the plaintiff chooses to sign a paper authorizing the attorney for the defendant to dismiss the case, the presentation of said paper to the court by the attorney for the defendant is not such representation of both parties as is forbidden, but he is still acting in the interest of his client, and merely carrying out the dismissal which the plaintiff has authorized in the interest of the defendant. It is also true that the client, whether he has employed the attorney or not, has a right to make any settlement or compromise he may please with the defendant, and to order the dismissal

of his case, if he so desires.—Weeks on Attorneys, §§ 212, 250; *White v. Nance,* 16 Ala. 345, 347, 348; *Cameron v. Boeger,* 200 Ill. 84, 65 N. E. 690, 93 Am. St. Rep. 165, 169, and note at page 171; *Williams v. Miles,* (Neb.) 89 N. W. 455; 3 Am. & Eng. Ency. Law (2d Ed.) pp. 328, 349, 465; 4 Cyc. 927.

But the answer of the respondent and the affidavits show that the facts made known to the court were that said plaintiff had been the bookkeeper of the "D. J. McDonald Stone Company," and also the "McDonald Lumber Company"; that, while he was acting in that capacity, the account which is here sued on was claimed to be due to one Hess by the Yellow Pine Lumber Company (the defendant in the action), to which said lumber company claimed a set-off; that said Hess was indebted to both companies, and D. J. McDonald was a stockholder in all three corporations. So the account in question was assigned to said petitioner, W. H. Randall, who was to collect the amount due on the same and hold the proceeds in trust for distribution between the D. J. McDonald Stone Company and the McDonald Lumber Company, according to their interests. Said Randall in his affidavit states that he is not in the slightest interested in the litigation; that, at the time said account was assigned to him, he was not informed of the fact, "though he did learn afterwards that such transfer had been made," and that at a previous term of the court he received a letter from counsel for defendant requesting his personal attendance on the trial of said cause at a witness for defendant; and that said D. J. McDonald instructed said Randall, who was then in his employ, to remain at home on the day the sheriff would be looking for him to serve the subpoena on him, and that, if McDonald needed him, he would wire him. It was admitted that the attorneys who brought the suit were employed by said D. J. McDonald Stone Company, and, when the plaintiff sought to have the case dismissed, said parties produced a bond to hold said Randall harmless from all costs and liabilities on account of said suit, and that said Randall admitted that the sureties on said bond were abundantly sufficient as sureties.

It is insisted by the petitioner, as one reason why the mandamus should be awarded, that under section 28 of the Code of 1896 this suit could not be maintained in the name of the petitioner, because he is not "the party really interested." The rule which has been uniformly followed on this subject is that, if the party suing is "the party to whom payment can legally be made and who can legally discharge the debtor, the action may be brought in his name, although the money, when collected, is not for his use, but for the use of some other person or persons, to whose use he is required to apply it, or to whom he is bound to pay it."—*Yerby v. Sexton*, 48 Ala. 311; *Hirschfelder v. Mitchell*, 54 Ala. 419; *Rice v. Rice*, 106 Ala. 636, 637, 638, 17 South. 628.

It is next insisted that the plaintiff had never accepted the trust. As the evidence shows that he was informed of the transfer after it was made, and knew for some time of the institution of the suit in his name, and made no disavowal of the trust, his acceptance will be presumed.—1 Beach on Trusts & Trustees, p. 50, § 39; also pages 877, 878, § 375.

The final contention is that, as Randall was the only party plaintiff to the case, he, and he alone, had the right to control it or dismiss it, and no one else had a right to intervene and stay the execution of his demand. This question was presented, in a negative way, to this court in an early day. A suit was brought in the name of Brazier, but during the progress of the case the plaintiff himself filed an affidavit, stating that it was commenced and carried on without his knowledge, and asked that the suit be dismissed. The lower court ordered the party claiming the beneficial interest to give security for costs, and, that not being done by the next term of the court, the case was dismissed, although the person interested then offered to give the security. This court refused to reverse, on the ground that the correctness of the order of dismissal could not be inquired into on writ of error; but the court said it was the duty of the court to protect the rights and interests of those who are beneficially interested "against the improper interference of the plaintiff on the record, but the only

mode to correct erroneous action in this particular is
by mandamus."—*Brazier v. Tarver,* 4 Ala. 569, 570. It
was also held that one partner could not dismiss the
case, "so far as his interest was concerned," without
the consent of the other partner, and the court recog-
nizes it as a well-known principle that a mere nominal
plaintiff will not be permitted "to dismiss a suit, or oth-
erwise interfere with the just rights of the equitable
owner."—*Cunningham v. Carpenter,* 10 Ala. 109, 112.
See, also, *Harris v. Swanson,* 62 Ala. 299, 300. It is
also stated as unquestioned law that the assignee of a
judgment can sue out an execution thereon in the plain-
tiff's name for his benefit.—*Haden v. Walker,* 5 Ala. 86,
88. While this court, in a later case, speaking through
Judge Dargan, held that the plaintiff, in an action of
ejectment, could dismiss the case, and that the party at
whose instance the suit had been brought could not pre-
vent him from exercising that right, yet it will be ob-
served that, in that case, the party at whose instance
the suit was brought held no contract relation with the
party in whose name it was brought, but merely claimed
that she could not make out her claim to dower interest
because of the loss of some intermediate deed. It will
be observed, also, that the court bases the decision on
the principle that, in an action of ejectment, the court
could look only to the legal title, and the learned justice
remarks that: "It is true, a suit at law may be carried
on by one who is beneficially entitled to the money, in
the name of him in whom is vested the legal title, and
a court of law will protect the rights of him beneficially
interested, and will not permit the plaintiff to dismiss
the suit, if the party entitled to the proceeds of the re-
covery will indemnify him against the cost to which he
may be subjected. But the suits that may be thus pros-
ecuted are those brought to recover a sum of money,
and perhaps for a specific chattel, where the title is in
one, but the beneficial interest is in another."—*White
v. Nance,* 16 Ala. 345, 347. This court has also de-
clared, in a more recent case, that, if there is another
party jointly interested in the property sought to be re-
covered, the plaintiff may join the others, whether the

other party be willing, or not, upon indemnifying him against costs.—*Bolton v. Cuthbert*, 132 Ala. 403, 406, 31 South. 358, 90 Am. St. Rep. 914. In a case much more recent than the *White-Nance Case, spura*, this court has applied this principle to an action of ejectment, holding that, wheie a party has sold and conveyed land .while it is in the adverse possession of another, the vendee has a right to bring suit for the land in the name of the vendor, and that the grantor cannot prevent such use of his name.—*Pearson v. King*, 99 Ala. 126, 10 South. 919. And the court says that "courts of law long ago recognized the right of a transferee of a chose in action, which was not assignable under the common law, to use the name of the transferror in a suit thereon."—Page 128 of 99 Ala., page 919 of 10 South.

It is true that, in most of the foregoing cases, there was some contract relation existing between the parties, such as vendor and vendee, or assignor and assignee; but there is another class of cases in which this principle has been recognized, and which are analogous in all points to the one now under consideration, to-wit, that "where there is a trustee and cestui que trust, the cestui que trust may bring an action at law in the name of his trustee, whenever necessary * * * for the protection of the trust property," or for the recovery of money to which the cestui que trust is entitled, "and the trustee can neither release the right of action nor discontinue the suit, but he may ask indemnity against cost."—2 Beach on Trusts & Trustees, p. 1055, § 459; *Hart v. W. R. R.*, 13 Metc. 99, 108, 46 Am. Dec. 719; *Fire Insurance Co. v. Hutchinson*, 21 N. J. Eq. 107, 117; *Commissioners v. Johnson*, 36 N. J. Eq. 211, 212. The principle which we extract from all these cases, and which seems to be consonant with reason and right, is that, where one party holds the legal title and is the proper party to sue, while another has the beneficial interest, in a chose in action or property, the latter has a right to use the name of the former in a suit to recover the money or property, upon indemnifying said party against costs, and the former has no right to dismiss a

[State ex rel. Ducourneau v. Langan.]

suit so brought. The cases cited show that no distinction is made between cases that are brought without mention of the party for whose use the suit is brought, and those which specially mention the use, and we can see no reason why there should be any distinction. It is the right which the law seeks to protect, and, if the party in whose name the suit is brought is fully indemnified against cost, we cannot see what possible injury can occur to him by the bringing or carrying on of the suit. Courts of justice sit for the purpose of securing and protecting the real interests of parties, and not for dealing with abstractions.

The petitioner had and has a right to be fully heard on the question of fact as to whether the beneficial interest is in the parties who claim it; but, if that beneficial interest be in them, as the affidavits seem to establish, he had no right to insist on the dismissal of the case.

The writ is denied.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.