## Curtis v. Curtis.

*Petition for Intervention.*

(Decided November 21, 1912. 60 South. 167.)

1. *Equity; Intervention; Procedure.*—Where one not a party to a suit desires to intervene, he should first file a petition or application for leave to file a petition of intervention and give the parties to the suit notice thereof, his right to intervene being determined upon the face of the application; if the allegations were sufficient leave would be granted and the petition subsequently determined on its merits.

2. *Same; Pleading.*—Where one not a party to a pending suit has a claim or lien on the property or is interested in the subject matter, and desires, for his own protection to intervene to assert his independent right, and raise new issues, he must do so by a formal original bill in the nature of a cross bill or supplemental bill containing appropriate allegations.

3. *Same; Right.*—A party is not entitled to intervene even in equity unless he has an interest in the subject matter of the suit.

APPEAL from Wilcox Chancery Court.

Heard before Hon. THOS. H. SMITH.

[Curtis v. Curtis.]

Bill by A. B. Curtis against M. E. Curtis to correct or reform the transfer of certain written instruments. After final decree as between the original parties, J. H. Curtis, as administrator, applied for intervention and from an order denying his petition he appeals. Affirmed.

JONES & MABRY and W. W. QUARLES, for appellant. There was a privity and not a new and independent claim and nothing in the way of new issues was attempted to be raised. Hence, the petitioner was entitled to intervention.—11 A. & E. Ency P. & P., 495; *Renfroe v. Goetter,* 78 Ala. 311; *Corbin v. Jones,* 55 Ala. 630; 16 Cyc. 181, 189; *Smith v. Murphy,* 58 Ala. 630; *Cowles v. Andrews,* 39 Ala. 129; 51 Fed. 39.

HOWARD & JONES and N. D. GODBOLD, for appellee. The assignments of error are not sufficient to raise any question.—Rule 1, Sup. P.; *Woodruff v. Smith,* 127 Ala. 35; *Dillard v. Savage,* 98 Ala. 590. No right of intervention is shown in this case and if a right was shown by petition the proper proceedings to have intervention were not taken.—*Carling v. Jones,* 55 Ala. 624; *Ex Parte Printup,* 87 Ala. 148; *Ex Parte Breedlove,* 118 Ala. 174; *Talladega Merc. Co. v. Jenifer Iron Co.,* 108 Ala. 263; 3 Daniel's Chancery Pr., 1801; 31 Amer. Dec., 70.

MAYFIELD, J.—The original bill was filed by appellee against M. E. Curtis to correct or reform the transfer of a certain note and mortgage. The defendant filed a cross-bill, asking for an accounting and foreclosure. After a final decree, settling the equities and affirming the findings of the register as to an accounting, the appellant filed a petition seeking to intervene and to contest the right of the complainant to one of the notes

secured by the mortgage which was foreclosed. He did not seek to claim a part of the fund in court, to be administered, but denied the plaintiff's claim or right thereto. In other words, it was sought to reopen the case and allow the petitioner to contest, with cross-complainant, the right and title to one of the notes secured by the mortgage. While, of course, this note would represent a part of the debt secured by the mortgage, the allowance of the petition would have been to reopen the whole case, even though petitioner sought merely to share in the debt secured by the mortgage and have that part it represented set aside or awarded to the petitioner. The court denied the petition, and entered up the following order or decree, from which this appeal is taken: "In this case, after the final decree, the petitioner, J. Hinton Curtis, as the administrator of the estate of C. C. Curtis, files his petition seeking to reopen the cause. No good reason is shown why he could not have intervened, if he was entitled in any event to do so, during the pendency of the cause and before the submission and final decree. I am of opinion that he ought not now to be allowed to come in on this petition and reopen the entire cause. The amount involved is only a part of that involved in the entire litigation, and it seems to me he has a remedy in another manner without destroying all that has been done and indefinitely delaying the complainant about matters not involved in his petition.—*Ex parte Printup*, 87 Ala. 148, 6 South. 418. It is therefore ordered, adjudged, and decreed that the petition be and the same hereby is denied, but without prejudice to the petitioner's right to litigate concerning the matters in such other manner as he may be advised. May 18, 1911. Thomas H. Smith, Chancellor."

[Curtis v. Curtis.]

We are not prepared to say that the chancellor was in error. The question of the right of parties to intervene, and the mode of reviewing or revising the orders or actions of courts in allowing or refusing an application to intervene, have been several times before this court. See *Ex parte Gray,* 157 Ala. 358, 47 South. 286, 131 Am. St. Rep. 62; *Ex parte Breedlove,* 118 Ala. 172, 24 South. 363; *Carlin v. Jones,* 55 Ala. 624; *Ex parte Printup,* 87 Ala. 148, 6 South. 418; *Renfroe Bros v. Goetter, Weil & Co.,* 78 Ala. 314. The former cases of this court, some cases of other courts, and the, textbooks, on this subject, were reviewed in the first two cases cited above. The practice, in this state, to review or revise actions of courts in declining to allow a party to intervene, has been by mandamus, and not appeal; though this court said, in *Gray's Case,* 157 Ala. 358, 368, 47 South. 286, 131 Am. St. Rep. 62, that it seemed to the court that an appeal was the proper remedy. The authorities in the other states are very much divided. See note to case of *Walker v. Sanders,* 123 Am. St. Rep. 313, 314.

In the opinion of the writer, mandamus is the only remedy in case the petition is denied. If allowed, the petitioner becomes a party, and of course he may appeal, as other parties; but if his petition is denied, and he is not a party, he cannot appeal unless authorized by a statute—and I know of no statute authorizing it. If the court should decline to enter a decree denying the petition, of course he cannot appeal. If, however, a decree is entered (as was done in this case) probably an appeal would lie; but the practice has been the other way, in this state, and the fact that mandamus lies in effect denies the right of appeal, for mandamus would not lie if an appeal would.

It is, however, unnecessary to decide this question of practice, as we can dispose of the question involved, on its merits, as was done in the *Gay Case*. The rule which we think justifies the chancellor in disallowing the petition, aside from the delay which attended the making of it, has been often stated by this court, and may be found stated, in substance, in *Ex parte Gray, supra,* as follows: "It seems that the regular and orderly course of procedure is first to file an application for leave to file a petition of intervention, of which the parties to the suit should have notice. This is determined from the face of the application. If the allegations of the application show a case in which intervention should be allowed, the leave is granted. The petition for intervention is then filed, on which the court examines the petition and answer, and such testimony, by affidavit or otherwise, as may be produced, and determines the question as to whether the petitioner shall be allowed to intervene and become a party to the suit."—157 Ala., pages 363, 364, 47 South. page 287, 131 Am. St. Rep. 62.

"The practice of intervention, which has grown up in our equity courts, seems to have been borrowed from the civil law, and Mr. Beach says: "Intervention is the generic designation in the civil law of the various technical processes by which, when a suit is pending between two parties, a third party is allowed to interpose for the assertion of some collateral, implicit, or ulterior right, adverse to that of either or both of the others, or to defend a responsibility involved in the issue of the controversy. * * * No one, even in equity, is entitled to be made a party to the suit, unless he has an interest in its object; yet it is the common practice of the court to admit strangers to the litigation, claiming an interest in its subject-matter, to intervene in their own behalf, to assert their title.—1 Beach, Modern Eq.

Pr. § 571. Our own court has recognized the right of intervention, but held that a stranger could not intervene for the purpose of defeating the entire suit, nor for the purpose of litigating with the complainant his right or title to any relief; also that, if it is desired to set up a new and independent claim, it must be done by an original bill in the nature of a cross-bill.—*Renfroe Bros. v. Goetter, Weil & Co.*, 78 Ala. 311, 313-315. In a later case, after considering previous cases on the subject, this court declared that the general rule is that it is not allowable to make a party defendant to a bill over the objection of the complainant, and that there are but two exceptions to that rule, to wit, one growing out of trust relations, the cestui que trust not being a party, and showing that it is necessary to make him a party to protect his interests, and the other where there is a fund in court to be distributed, of which the intervener is entitled to a share.—*Ex parte Printup*, 87 Ala. 148, 150, 6 South. 418. It is also stated in this case that if 'a person, not a party to a pending suit, between whom and the plaintiff there is no privity, but who has a claim or lien on the property, or is interested in the subject-matter of the suit, desires for his own protection to present his new claim, to assert his independent right, and raise new issues, he must do so by a formal bill, containing appropriate allegations—an original bill in the nature of a cross-bill, or a supplemental bill, as the case may be.'—87 Ala. 153, 6 South. 419." 157 Ala. pages 364, 365, 47 South. page 288, 121 Am. St. Rep. 62.

Finding no error, the decree of the chancellor is affirmed.

Affirmed. All the Justices concur.