(112 So. 529)

### AWBREY v. ESTES.   (5 Div. 969.)

Supreme Court of Alabama.   April 14, 1927.

**1. Executors and administrators ⬉314(12)— Order of probate court involving payment of distributive share held appealable (Code 1923, §§ 6114, 6115).**

Order of probate court striking petition in intervention in probate proceedings involving the payment of a distributive share *held* appealable under Code 1923, §§ 6114, 6115.

**2. Executors and administrators ⬉314(12)— Appeal to circuit court from order of probate court involving payment of distributive share taken within six months held seasonable (Code 1923, § 6115, subd. 4).**

Appeal to circuit court from order of probate judge striking petition in intervention involving payment of distributive share taken within six months thereafter *held* seasonable within Code 1923, § 6115, subd. 4.

**3. Parties ⬉38—Intervention is common-law remedy.**

Right of intervention is a common-law remedy.

**4. Executors and administrators. ⬉314(6)— Personal representative may litigate right of one claiming interest in final distribution.**

Personal representative of deceased is a party entitled to litigate right of any one who claims an interest in final distribution.

**5. Executors and administrators ⬉314(6)— "Petition in intervention" involving payment of distributive share held not to constitute application for removal of administrator and grant of letters to nonresident petitioner (Code 1923, §§ 5742–5744).**

Petition in intervention in probate proceedings involving payment of distributive share *held* not to constitute an application for removal of administrator and grant of letters to nonresident petitioner under Code 1923, §§ 5742–5744; it being merely petition of omitted distributee to be heard in presentation of his claim to part of distribution of estate.

**6. Executors and administrators ⬉314(6)— Intervener in probate proceedings need not give notice to all parties interested in fund, where leave of court was for hearing and notice to administrator (Code 1923, § 9485).**

Petitioner in intervention in probate proceedings seeking to establish right to distributive share need not give notice to all parties of interest in fund to be distributed under provisions of Code 1923, § 9485, where leave of court was for hearing and notice to administrator.

**7. Executors and administrators ⬉20(1)— "Grant of letters" is proceeding in rem until it assumes, by act of parties, character of proceeding in personam.**

"Grant of letters" and that of due administration of estate is in nature of proceeding in rem until it assumes, by act of interested parties, character of proceeding in personam.

**8. Executors and administrators ⬉39, 43—At common law lands passed to heir, and personal representative held personal property for due administration.**

At common law lands passed to heir, and personal representative held personal property for a due administration, such as payment of debts, costs, and distribution to parties in interest as distributees or legatees.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Petition of Ralph Estes, by his next friend, W. L. Wilson, to the probate court of Randolph County seeking to intervene in the proceedings of the estate of Hassie Glanton, deceased, with motion by B. D. Awbrey, as administrator of said estate to, strike the petition. The petition being on motion stricken, petitioner appealed to the circuit court, and, from a judgment of the circuit court overruling a motion to dismiss the appeal and reversing the decree of the probate court, the administrator appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

G. B. Walker, of Roanoke, and Denson & Denson, of Opelika, for appellant.

Only the administrator was served with notice, no service being had upon the other heirs of the decedent. The striking of the petition was justified upon this ground. Code 1923, § 9485. A primary object of the petition was that petitioner be made a party to Awbrey's application for letters of administration, but set forth no allegation that the grant to Awbrey was void or voidable. Further, if petitioner ever had a right to administration, he waived same by failure to apply therefor within forty days after the death of intestate. The probate court properly sustained the motion and dismissed the petition. Code 1923, §§ 5742, 5744; Childs v. Davis, 172 Ala. 266, 55 So. 540; Garrett v. Harrison, 201 Ala. 186, 77 So. 712; Markland v. Albes, 81 Ala. 433, 2 So. 123. The

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

appeal is governed by section 6101 of the Code of 1923, and could not be taken after 30 days from the date of the judgment of the probate court. Code 1923, § 6115(2)'; Kimbrell v. Rogers, 90 Ala. 339, 7 So. 241; Liverpool, etc., v. Lowe, 208 Ala. 12, 93 So. 765; Ory-Cohen v. Taylor, 208 Ala. 521, 94 So. 525; Peters v. Chas. Schuessler & Sons, 208 Ala. 627, 95 So. 26; Markland v. Albes, supra; Mitchell v. Duncan, 94 Ala. 192, 10 So. 331; Holmes v. Holmes, 210 Ala. 227, 97 So. 628.

W. L. Wilson, of Roanoke, for appellee.

Service upon the administrator was all that was required in this case. Watson v. May, 8 Ala. 177; Binford v. Binford, 22 Ala. 682; Ward v. Oates, 42 Ala. 225; 2 A. & E. Ency. Pl. & Pr. 495. The question of service could not be raised by the administrator on his motion to strike. Jones v. Nelson, 51 Ala. 471. The probate court had jurisdiction to entertain the petition of intervention to have petitioner's name placed on the record as an heir or distributee of the estate. Ex parte Printup, 87 Ala. 148, 6 So. 418; Townsend v. Steel, 85 Ala. 580, 5 So. 351; Binford v. Binford, supra; Watson v. May, supra. The petition is for intervention, and not one claiming the right to administer. It is not governed by section 6115 of the Code. The appeal, being taken within six months, was seasonably taken. Code 1923, §§ 6114, 6127.

THOMAS. J. The proceeding was in the probate court by intervention of Ralph Estes, a minor, to compel the administrator to recognize him as a distributee of the Glanton estate. The appeal was to the circuit court, where the motions of the administrator were overruled, and hence the appeal to this court under sections 6101, 6114, 6115, Code of 1923.

[1, 2] The motion to strike admits the facts averred in the petition in so far as material to the motion. The petition was heard and stricken on December 7, 1925, and appeal taken by bond, that is marked approved by Judge of Probate January 28, *1925*. This was a clerical misprision, as the approval in fact was on January 28, *1926*, and was within six months of the decision or decree, the effect of which was as to "the payment of a * * * distributive share" (section 6115, subd. 4, Code of 1923), and was within the right provided by sections 6114, 6115 of the Code. The record otherwise shows the true date of filing the appeal bond to have been January 28, 1926. The appeal was seasonably taken to the circuit court to determine the minor's distributive share in the estate, and was so considered in the circuit court. The orders were properly entered (1) overruling the motion to dismiss the appeal, and (2) that remanding the cause to the probate court for trial of the fact determinative of the minor's right vel non of a distributive share or interest in said estate. This action of the circuit court was in line with the general policy of courts to treat an intervention, in nature an equitable remedy, necessary to enforce the justice of the case determined according to law as between those entitled. Marsh v. Mut. Life Ins. Co., 200 Ala. 438, 76 So. 370; School Dist. v. Weston, 31 Mich. 85; 4 Pom. Eq. Jur. § 1323.

[3] The right of intervention is a common-law remedy, and our statutes cumulative. The general subject is treated in Rocca v. Thompson, 223 U. S. 317, 32 S. Ct. 207, 56 L. Ed. 453, 457. The right of a consul to intervene in the administration of a deceased foreign resident was recognized in Carpigiani v. Hall, 172 Ala. 287, 55 So. 248, Ann. Cas. 1913D, 651, and rested on the general laws of nations, as well as on treaty stipulations. The jurisdiction and power of courts on due application to ascertain the real parties at interest in pending litigations has been the subject of frequent discussion, Ex parte Printup, 87 Ala. 148, 6 So. 418; Douglass v. Blake, 189 Ala. 24, 66 So. 617; and the necessity to have the whole title represented and bound by the decree, Hodge v. Joy, 207 Ala. 198, 92 So. 171; and the necessity of due process in the right of a party at interest on application to be made a party and appeal if desired was the subject of Lyons v. Hamner, 84 Ala. 197, 4 So. 26, 5 Am. St. Rep. 363; Cantelou v. Whitley, 85 Ala. 247, 4 So. 610, And the adding of proper parties on application, to proceedings in the administration of estates in the probate court was the subject of Binford v. Binford, 22 Ala. 682; Boykin v. Kernochan, 24 Ala. 697; Watson v. May, 8 Ala. 177.

In Townsend v. Steel, 85 Ala. 580, 582, 583, 5 So. 351, 352, it is declared:

"The record shows that the appellee appeared in the court below, claiming to be the sole heir at law of the decedent; and on her motion the petition of the administrator was dismissed. The bill of exceptions, however, which purports to set out all the evidence, fails to show that she was an heir at all, or had any interest in the estate of Dorse. If she had appeared, and satisfied the court prima facie that she was an heir, the proper practice would be to permit her to be made a party defendant, with permission to controvert the application, including the statement as to who were the real heirs of the decedent. We have often held, in such cases, that an heir, whose name is omitted from the application, may appear, even after judgment, and be made a party to the record, on petition and proof of interest, in order to sue out an appeal to this court, this being the only mode in which the interest of such heir can be properly protected, after the order of sale is made. Lyons v. Hamner, 84 Ala. 201 [4 So. 26, 5 Am. St. Rep. 363] supra, and cases cited on page 202 [4 So. 28]."

This right is necessary to that of due process under the Constitutions. Lyons v. Hamner, supra.

[4] The personal representative is a party entitled to litigate the right of any one who claims an interest in final distribution. Watson v. May, 8 Ala. 177; Ward, Adm'r, v. Oates, Adm'r, 42 Ala. 225. The duty in the first instance was upon the personal representative to correctly bring in all the heirs, next of kind, and distributees. He did this with the omission of the nonresident petitioner, and the other distributees were in court and are not required to have other notice than that given to the personal representative. They would be accorded ample opportunity to controvert the relationship of the petitioner before final distribution. The foregoing is in accord with the requirements of due process as to all necessary parties in interest.

[5] It is insisted by the appellant that the petition was that of application for removal of the administrator and the grant of letters to nonresident petitioner under sections 5742–5744 of the Code. Such is not its legal import. It was merely that of an omitted distributee to be permitted to be heard in the presentation of his claim to a part of the distribution of the estate, and was not for the grant of letters of administration. No doubt the ruling of the probate court in declining to entertain the petition and hear the evidence as to the kinship of the petitioner was on the mistaken assumption that the purpose was the removal of said personal representative granted after . 40 days, etc. Garrett v. Harrison, 201 Ala. 186, 77 So. 712. Such was not its purpose. The appeal was duly taken within six months of said adverse decision in the probate court. Section 6115, subd. 4, Code of 1923.

[6] It is further insisted that the provisions of section 9485 of the Code were strictly applicable and not shown to have been complied with as to preliminary notice to all parties in interest in the fund to be distributed, or to the cestui que trust. It is noted that the intervention provided in section 9485 has primarily application to proceedings that are strictly inter partes filed by leave of the court, and notice to "parties to the action or proceeding who have not appeared and upon the attorneys of the parties who have appeared." The leave of the court was for hearing and notice to the administrator. That personal representative appeared and moved to strike the petition, which was peremptorily granted.

There was no hearing on the facts, as there should have been. And it was from this final action of the probate court the appeal to the circuit court was taken. It is true the petition did not indicate which of the named distributees had "not appeared" in the due course of the administration, or which of said parties in interest that had appeared in the proceeding and were represented by "attorneys"; and that the motion to strike the petition was rested on several grounds, one of which was that "no service upon the parties has been had as required by law."

In Martin v. Ellerbe's Adm'r, 70 Ala. 326, 339, the comprehensive meaning of the term "administration" of an estate is declared to be "more than the mere collection of the assets, the payment of debts and legacies, and distribution to the next of kin. It involves all which may be done rightfully in the preservation of the assets, and all which may be done legally by the administrator in his dealings with creditors, distributees or legatees, or which may be done by them in securing their rights; and it includes all which may be done, and rightfully done, in relation to adverse claims to assets, which have come to the possession of the administrator as the property of the testator or intestate." Rucker v. T. C. I. & R. Co., 176 Ala. 456, 469, 58 So. 465.

[7] The grant of letters and that of a due administration of an estate is in the nature of a proceeding in rem, until it assumes, by an act of the interested parties, the character of a proceeding in personam. White v. Hill, 176 Ala. 480, 486, 58 So. 444; Goodrich v. Ferris, 214 U. S. 71, 29 S. Ct. 580, 53 L. Ed. 914.

[8] At common law lands passed to the heir, and the personal representative held the personal property for a due administration—payment of debts, costs, and distribution to parties in interest as distributees or legatees. Nelson v. Boynton, 54 Ala. 368, 376; White v. Hill, 176 Ala. 480, 58 So. 444.

It follows that the petition should have been entertained for a due hearing on the facts, and not stricken on motion of the personal representative. To bind the several parties in interest, for the purpose of a distribution, they can be duly and respectively brought in on notice as proper parties before the court, and as being the repository of the legal title to the real property—"house and lot." The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.