(119 So. 844)

## GREENE v. GREENE. (6 Div. 164.)

Supreme Court of Alabama. Jan. 24, 1929.

Theodore J. Lamar, W. P. McCrossin, and W. A. Weaver, all of Birmingham, for appellant.

624

Ritter, Wynn & Carmichael, of Birmingham, for appellee.

BROWN, J. The original bill, filed by the appellee against the appellant, is for divorce on statutory grounds.

The defendant filed an answer denying some of the material allegations of the bill, and, making his answer a cross-bill, seeks to establish an equitable title or right in a certain mortgage executed by one Mosely to the complainant to secure part of the purchase money for real estate sold to said Mosely. to restrain and enjoin the complainant from collecting the same or from transferring the notes and mortgage evidencing such indebtedness.

The complainant demurred to the cross-bill on the grounds, among others, that the subject-matter of the cross-bill is not germane to the matters asserted by the original bill, and is a departure from the cause of action therein stated. The demurrer was sustained and the cross-bill dismissed, and from that decree the defendant appeals.

As was held in Whitfield v. Riddle, 78 Ala. 99: "A cross-bill is in its nature defensive. It must relate to, and be connected with, the subject of the original bill, and can bring in no new matter entirely foreign to it, except, perhaps, in cases of set-off against an insolvent complainant. Some affirmative defenses, even against the complainant himself, can only be made under a cross-bill. The necessity of a cross-bill sometimes arises between the defendants, when, in equity. the burden of complainant's claim should be apportioned among two or more of such defendants. Davis v. Cook, 65 Ala. 617. Still, the subject and purpose of the cross-bill must be germane to the original bill." Sims, Ch. Pr. § 647; Lowery v. May, 213 Ala. 66, 104 So. 5; Moody et al. v. Moody et al., 216 Ala. 156, 112 So. 752; Burke v. Burke, 208 Ala. 503, 94 So. 513; Thompson v. Menefee, 211 Ala. 170, 100 So. 107.

The subject-matter of the cross-bill here is clearly not germane to the case presented by the original bill, and the decree of the circuit court sustaining the demurrer and dismissing the cross-bill is free from error.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.