(125 So. 640)

### GREENE v. GREENE. (6 Div. 463.)

Supreme Court of Alabama.   Jan. 16, 1930.

W. P. McCrossin and Theodore J. Lamar, both of Birmingham, for appellant.

John C. Carmichael, of Birmingham, for appellees.

FOSTER, J. An outline of the facts of this case is as follows: A bill for divorce was filed in the equity division of the circuit court of Jefferson county by Ida Belle Greene against William W. Greene on October 20, 1926. Defendant first filed an answer, and later a cross-bill seeking to enforce an equitable claim to a mortgage held by complainant against one Mosely for $750. Mosely soon afterwards filed a petition in the cause alleging that interest of $24.50 was due, but that he did not know to whom to pay it, as both complainant and respondent claim it, and offered to pay it into court for disposition by the court. Soon after the filing of this petition, the circuit court sustained a demurrer to the cross-bill and dismissed it, on December 8, 1927. An appeal was taken to this court from that decree, and it was affirmed January 24, 1929. See Greene v. Greene, 218 Ala. 623, 119 So. 844. On March 19, 1928, after the cross-bill was dismissed in the circuit court, and pending appeal, Mosely filed an amended petition alleging that the principal of the debt was $700, and paid the amount of it into court, and prayed that the mortgage be satisfied of record, and for general relief. After this court affirmed the decree of the circuit court dismissing the cross-bill as not germane to a bill for divorce, and on March 27, 1929, Mosely filed an amended petition referring to the decree holding that William W. Greene could not enforce his claim in that proceeding, and prayed for a decree that the amount which had been paid into court by him be directed to be paid to the complainant Ida Belle Greene or her solicitors of record.

On April 29, 1929, Mosely filed an amended petition, reciting the history of the proceedings and that Ritter, Wynn, and Carmichael were claiming a transfer of the mortgage and that they were attorneys of Ida Belle Greene in the cause and with knowledge of the situation had undertaken to foreclose the mortgage and that C. D. Ritter became the purchaser. It prayed that Ritter, Wynn, and Carmichael and C. D. Ritter be made parties to the petition and show cause why they should not collect the sum paid into court in full satisfaction of the mortgage debt, and for general relief.

The court entered a decree sustaining a motion to dismiss the petition and dismissing it finally. From this decree an appeal was taken, and it is assigned as error.

We think the appearance of appellant in the circuit court was that of an intervener. We know of no authority for a person not a party to a suit to be heard in its proceedings except by way of an intervention. We now have a statute which applies to interventions. section 9485, Code, but we have held that it is merely cumulative. Awbrey v. Estes, 216 Ala. 66, 112 So. 529.

The statute provides that, to entitle one to file a petition for intervention, he must obtain leave of the court to do so on notice to opposing parties. Such was the rule of procedure irrespective of statute as pointed out in the case of Ex parte Gray, 157 Ala. 358, 47 So. 286, 131 Am. St. Rep. 62; Reynolds Co. v. Reynolds, 190 Ala. 468, 67 So. 293; Curtis v. Curtis, 180 Ala. 64, 60 So. 167. The record in the instant case shows no application to the court for leave to intervene.

It is also stated in the case of Ex parte Gray, supra, page 364 of 157 Ala., 47 So. 287, that when a petition of intervention is filed without leave, and there is a motion to dismiss it, the situation brings "up the same question which would have been raised if the petition had been only for leave to file a petition for intervention." At that time the cross-bill seeking to bring the matter in court had been dismissed.

The right to file a petition of intervention is dependent upon the existence of a claim of interest by petitioner in the matter in litigation. Section 9485, Code; Awbrey v. Estes, supra; Ex parte Gray, supra; Reynolds Co. v. Reynolds, supra; Ex parte Breedlove, 118 Ala. 172, 24 So. 363; Ex parte Printup, 87 Ala. 148, 6 So. 418; Renfro v. Goetter, Weil & Co., 78 Ala. 311; Curtis v. Curtis, supra.

It is observed that in the instant case, at the time of the filing of the first petition, there was pending a cross-bill which sought to determine certain rights of the parties in a debt secured by a mortgage executed by petitioner. But at that time there had been obtained no leave to intervene. Doubtless the court would have declined to grant leave knowing, as it did, that the subject-matter of the cross-bill and petition were not germane to the original bill for divorce. If the court had retained jurisdiction of such cross-bill

and had proceeded to a determination of that controversy, then the right of petitioner to intervene would be considered from a different standpoint. But the circuit court had dismissed the cross-bill without leave to intervene, and before the motion to dismiss appellant's petition was made or heard, and that eliminated from the case, and entirely expunged from the proceedings, the subject-matter in which petitioner was interested. With the elimination of the subject-matter, all controversies as to it were likewise entirely severed from consideration by the court in that particular case. There was left only a divorce case, in which petitioner had no interest.

The right of interpleader (section 10390, Code) sought by petitioner must be asserted in an original bill in equity for that purpose unless it relates to property of which the court has jurisdiction, and in which petitioner has the right to intervene. And in that event it must be asserted "by a formal bill, containing appropriate allegations—an original bill in the nature of a cross-bill, or of a supplemental bill, as the case may authorize." Renfro v. Goetter, Weil & Co., supra; Ex parte Printup, supra.

We conclude that the decree of the circuit court dismissing the petition was proper, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.