153 So. 887

## Ex parte IDE.

### IDE v. JOHNSON.

### 7 Div. 239.

Supreme Court of Alabama.

April 5, 1934.

Knox, Acker, Sterne & Liles and Merrill, Jones & Whiteside, all of Anniston, for petitioner.

James F. Matthews, of Anniston, amicus curiæ.

GARDNER, Justice.

The argument here advanced in opposition to the mandamus petition is by counsel appearing amicus curiæ on behalf of one Greenleaf, who, it is insisted, was interested in the decree rendered, and desirous of having a review of the appeal in the case of McCraw v. Ide, pending on the docket of this court. Reliance is had upon Ex parte Randall, 149 Ala. 640, 42 So. 870, 872, where the holding was in effect that the beneficial owner of a chose in action or property, has the right to use the name of the person holding the legal title, in a suit to recover the money or property, upon indemnifying such holder against costs. The principle there recognized rests upon the rule of necessity for the protection of the rights of the real party in interest, for, as said in the Randall Case, supra, "courts of justice sit for the purpose of securing and protecting the real interests of parties, and not for dealing with abstractions."

In numerous cases suits of this character have been considered, and they are referred to as "actions for use of another." 1 Corpus Juris, 982, 983. But these authorities are not here applicable.

In oral argument it was insisted that McCraw was only the agent of Greenleaf in the transaction concerning the litigation involved in the case of Ide v. McCraw, to which McCraw was defendant in the court below, and that Greenleaf was in fact the beneficial owner of the chose in action and the party really interested. If, therefore, under these facts, Greenleaf had any right to become a party to that suit, it was upon the principle of intervention, concerning which we have said our statute (section 9485, Code 1923) was only cumulative. Greene v. Greene, 220 Ala. .395, 125 So. 640; Awbrey v. Estes, 216 Ala. 66, 112 So. 529. And if, on account of the trust relationship Greenleaf bore to McCraw, the former could become a party to the cause pending in equity court, a petition to that court for that purpose was the proper course to pursue. Curtis v. Curtis, 180 Ala. 64, 60 So. 167; Ex parte Printup, 87 Ala. 148, 6 So. 418; Ex parte Gray, 157 Ala. 358, 47 So. 286, 131 Am. St. Rep. 62; Reynolds Co. v. Reyn-

olds, 190 Ala. 468, 67 So. 293; Ex parte Breedlove, 118 Ala. 172, 24 So. 363; Renfro v. Goetter, Weil & Co., 78 Ala. 311.

Nor would the mere fact that a final decree had been rendered serve as a bar to such petition, as under former decisions of this court such a petition is appropriate to have petitioner made a party to the cause so that he may prosecute an appeal from the final judgment or decree. The following of our authorities are to this effect: Watson v. May, 8 Ala. 177; Lees v. Brownings, 15 Ala. 495; McConico v. Cannon, 25 Ala. 462; Townsend v. Steel, 85 Ala. 580, 5 So. 351; Lyons v. Hamner, 84 Ala. 197, 4 So. 26, 5 Am. St. Rep. 363.

True, these cases had reference to decrees rendered in matters of administration of estates in the probate court, but there is nothing in the opinions of the court to indicate the application of the principle should be so restricted, and no reason appears to our minds for such a limitation. See 20 R. C. L. p. 688; 123 Am. St. Rep. 281 et seq.

But whatever rights Greenleaf may have upon the matters of intervention, they clearly, under these authorities, must be first presented in the court below. This is the accepted course of practice. Watson v. May, supra.

It has been said that for certain purposes an appeal will be considered as a new and independent suit (Anders Bros. v. Latimer, 198 Ala. 573, 73 So. 925), though, as observed in Ex parte Williams, 226 Ala. 619, 148 So. 323, there are authorities to the contrary; but that of course presupposes a properly perfected appeal.

The material averments of the petition in the instant case are admitted in the answer, and disclose that in fact no appeal was taken. Our statutes (sections 6144, 6145, Code 1923), cited by counsel, can have no application.

We are of the opinion, therefore, that, conceding (without deciding) Greenleaf's right of intervention in the cause, the remedy was first by petition in the court below, and that no order here could supply such deficiency. And as the matter is one involving the jurisdiction of this court, and the register a necessary party to the proceeding, we think mandamus the appropriate remedy to be here pursued.

The writ is therefore awarded.

Mandamus granted.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.