178 So. 212
**CITY OF FAIRFIELD v. HAYNES.**
**6 Div. 111.**

Supreme Court of Alabama.
Jan. 13, 1938.

G. P. Benton, of Fairfield, for appellant.

Horace C. Wilkinson, of Birmingham, for appellee.

BOULDIN, Justice.

The salient facts on which the merits of this appeal are to be determined are briefly these:

Appellant, City of Fairfield, employed appellee, W. H. Haynes, by agreement in writing, stipulating:

"That the said W. H. Haynes will make or cause to be made an audit of the records in the office of the Tax Assessor and the records in the office of the Tax Collector, for the City of Fairfield, and will make or cause to be made assessments on any or all real or personal property situated in the City of Fairfield that has not been properly or legally assessed for a period of Five Years prior to but not including 1933, and that the said W. H. Haynes will make or cause to be made such additions to the 1933 assessment. as may be found necessary to properly assess any or all real or personal property situated in the City of Fairfield that has not been properly or legally assessed, and will deliver to the City of Fairfield upon completion of such audit, any and all records made incident thereto and will furnish to the City of Fairfield a Certificate as to the correctness thereof.

"That for and in consideration of the above services, the City of Fairfield agree to pay or cause to be paid to the said W. H. Haynes an amount equal to One Half of all monies collected by it on account of any assessment made from such audit."

In course of such audit Haynes reported as an escape an item of property theretofore treated as exempt from taxation. After conferring with the Attorney General's office, the county tax assessor made an assessment of same for state and county purposes, upon which, under our Constitution, the assessment for municipal purposes for each succeeding year was based.

The taxpayer appealed from this assessment to the circuit court, where the cause proceeded in the name of the State of Alabama, Plaintiff, v. Tennessee Coal, Iron & Railroad Co., Defendant. It resulted in a judgment holding the property subject to taxation, fixing the valuation, adjudging the amount of the tax due the City of Fairfield to be $4,500, and ordering the payment of said sum into court for the use of the city. All parties approved or acquiesced in the amount as fixed, and the money was paid into court.

At this stage, Haynes, by petition in the nature of intervention, set up his claim to $2,250 of the funds in court as his share under the terms of his agreement.

A hearing was had on petition, motion to strike, and answer, the city and Haynes participating in the hearing. The trial court held the fund was the fruit of Haynes' labor, that he was justly due the sum claimed, and ordered payment of it to him or his counsel.

A motion was made, by the city, referable to the 30-day statute, to vacate the order, allowing such claim, and to dismiss the intervention petition. This motion was denied, and from the latter order the appeal is prosecuted.

The main point insisted upon is want of jurisdiction in the court to hear and determine the claim of the auditor at that stage. Reliance is had upon a line of cases denying a right of a third party to intervene and reopen a cause which has proceeded to final decree, that he may litigate his claim to the subject matter with one or more of the parties, a controversy in which other parties are not

interested. The requirement that he should proceed by separate action against the party opposed to him in interest is supported by obvious reason and justice.

But such is not this case. Sometimes stated as an exception to the foregoing rule, but basically resting on distinct legal grounds, is the rule that, when funds are brought into court as the final result of litigation, persons having an interest in such funds, or entitled to share therein, though not a party in the original cause, may by motion or petition set up his claim, and have the same adjudicated, affording the adverse parties due process of law.

The court, in making distribution, may and should, when properly brought before him, ascertain to whom the fund in court should be distributed. That the City of Fairfield was not a party of record in the original suit is unimportant. The fund in question was decreed to the city as a party in interest, and the city confirmed this by the proceedings under review.

The appropriate time and manner of ascertaining the auditor's claim to an interest in this fund was that here pursued. The issue being wholly between the auditor and the city, the fitting time to present same was after the amount of the fund was determined and paid into court. In the main suit the interest of the city and the auditor were the same. Other parties should not have been required to await settlement of an issue in which they were not concerned. Ex parte Printup, 87 Ala. 148, 150, 6 So. 418; Ex parte Gray, 157 Ala. 358, 47 So. 286, 131 Am.St.Rep. 62; Curtis v. Curtis, 180 Ala. 64, 69, 60 So. 167; Ide v. Johnson, 228 Ala. 452, 153 So. 887; Greene v. Greene, 220 Ala. 395, 125 So. 640.

Haynes' right to intervene for the purposes of the former petition is not here involved. With reference to such former petition for intervention by Mr. Haynes for the purpose of protecting his interest touching the amount as well as the legality of the tax, the order of dismissal, under the express recitals of the judgment on the latter petition, was in no sense an estoppel against this proceeding after the fund came into court. For reasons before stated, the right to present his later petition did not rest on any agreement, not of record, keeping the former proceeding alive.

No argument nor authority is presented upon the proposition that the contract between Haynes and the city was illegal and void.

Dealing with this fund as the fruits of an executed agreement, for which Haynes was to have as compensation an amount equal to one-half of same, the court was warranted in finding that Haynes was entitled to share in the fund itself, and was not limited to a claim against the city, as for an indebtedness merely, to be presented, audited, and paid from general funds if and when available.

The city, under the contract, reasonably construed, was to reap a net amount after sharing the gross sum with the auditor.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.