WILLIAMS and another *v.* MORRISON and another.[1]

(*Circuit Court, E. D. Missouri.* October, 1886.)

1. LICENSE—TENANTS IN COMMON—QUARRIES.
   A license to work a quarry, given by one of several tenants in common, is valid.

2. SAME—LICENSE, HOW TERMINABLE.
   Such a license is terminable on notice.

3. TRESPASS—REPLEVIN.
   A trespasser who takes stone from a quarry, and leaves it upon the premises, cannot replevy it in case it is seized by the owner of the land.

[1]Edited by Benj. F. Rex, Esq., of the St. Louis bar.

4. ACCESSION AND CONFUSION OF GOODS—REPLEVIN—JURISDICTION.

Where an owner of personal property mixes it with property from which it cannot be distinguished, and which belongs to another, and is in the hands of a sheriff under a writ issued by a state court, it cannot be recovered in a suit brought in this court.

5. SAME—PAVING STONES.

Where A., the owner of a lot of paving stones, mixed them with similar stones belonging to B., and the whole lot was seized under a writ of replevin in a suit pending in a state court, *held*, that if the stones originally belonging to A. were not included in the process, and their number could be ascertained, A. could recover them, or their value, in a replevin suit instituted here; but not otherwise.

6. REPLEVIN—PROCESS—WHAT INCLUDED IN.

Where a writ of attachment in a replevin suit described the property to be seized as "all the granite paving blocks" on a certain piece of property, with certain named exceptions, and stated that "the said blocks not herein excepted number about twenty-five hundred," *held*, that all the blocks there, not expressly excepted, were included, whether more or less than the number named.

7. SAME—ASSESSMENT OF VALUE OF PROPERTY—MISSOURI STATUTES.

In a suit to recover property seized under process in a replevin suit, and delivered to the plaintiff therein upon his giving bond, in accordance with the provisions of the Missouri statutes, the jury should assess the value of the property seized.

At Law.

Replevin suit for 10,000 granite paving blocks seized under a writ of replevin, and delivered to the plaintiffs upon their giving the statutory bond. A writ had been duly issued from the office of the clerk of the circuit court of Wayne county, Missouri, a court of general jurisdiction. It described the blocks to be seized as "all the granite paving blocks now on" a described lot, "except a certain pile of granite blocks at a certain switch," which had been theretofore replevied, and stated that the blocks not excepted numbered "about twenty-five hundred." The writ in this court covered those seized under state process. The case was tried before a jury.

*Charles A. Davis* and *C. D. Yancey*, for plaintiff.

*Frank M. Estis*, for defendants.

TREAT, J., (*charging jury orally.*) The case you are now called upon to consider differs in many aspects from those ordinarily presented to a jury. This property,—I mean the real estate, including this mine,—it seems, belonged to Mr. Lawrence, either individually, or to him and Mr. Morrison as tenants in common. As to the use of said property, either one could give a license. It did not require their joint assent thereto.

It would appear from the testimony as offered that there was some proposition pending for a lease of this property to several parties, one of whom was Mr. Williams. That lease never was executed. In the mean time Mr. Williams and some others proceeded to quarry. A lease having been subsequently executed to Mr. O'Keefe, notice was given by him to these parties to leave the premises. If it was a mere license on the part of the owners of the property, it was ter-

minable on notice. Now, if these parties afterwards proceeded to quarry, and then the property was not removed from the premises, and it was replevied under process from the state court, this cause of action will not lie. Further than that, if, after the process issued in Wayne county, these parties continued to quarry, and mix the new blocks and old ones so as to produce what is called in law a "confusion" of property, they cannot recover. The particular element of the case is—*First*, did these parties have a license to quarry under the rule as just stated? If so, was that license revoked? *Second*, was all the property included in the replevin suits in Wayne county? *Third*, if not included in precise terms, were there added to these respective piles other blocks which could not be clearly distinguishable when the officer went to serve the process on them?

It is most important that it should be understood (and that is the reason this court directs your attention especially thereto) that, where process is pending in a judicial proceeding in a state tribunal, this court carefully refrains, under the rules of law, and is bound so to do, from interfering with those judicial proceedings. It is also the duty of a judge on the United States bench to promptly repel any effort on the part of a state court or state officer to interfere with any matters in the custody of the United States marshal; and this court is bound to see that no interference is had with the state court. Now, if it should turn out, in your judgment, that there were some of these blocks which the marshal of this court has taken which were not included in the process in Wayne county, the number of which you can ascertain, then the plaintiff is entitled to recover therefor; but if you cannot ascertain, and they were piled up in such a way that they could not be ascertained, then the plaintiff must suffer the consequences, after having had full notice with regard to these matters of mingling other blocks with those that were already in the custody of the law. That doctrine of "confusion of things," as it is termed, is very simple, and one resting on common sense of the plainest kind. If a man mingles his things with mine, so that no one can separate the one from the other, and I take possession of what belongs to me the best way that I can, that is, under the circumstances stated, if they cannot be separated, I take the whole.

Now, if there were any of these blocks not included in the process of the Wayne county court distinguishable, then the plaintiffs can recover therefor if they were licensed to do this work. But that amount should be ascertained, and the value thereof. If, on the other hand, they were piled up with the other property, which had already been taken possession of by the sheriff, then the plaintiff cannot recover. If he was there as a naked trespasser without license from anybody, he cannot recover; for the property still remained on the land, and, for the purposes of this case, was a part thereof. Whatever your verdict may be, gentlemen, it is necessary, under this particular form of action, that you shall find somewhat specifically either for the

plaintiff or for the defendant, as the case may be; but you should assess the value of the property taken whichever way you find, because, if the plaintiff is not entitled to recover, the statute means that he shall return the property or its value. Hence it will be a necessary part of your verdict to ascertain what the value of the property was.

There is one other matter to which I wish to call your attention. In this Wayne county proceeding it is stated "all the blocks" on certain property named, with the exception of such as had been theretofore seized in an antecedent replevin suit. The number is a suggested number, being about 2,500; so that the sheriff or officer was to take all the blocks that were piled up on a certain tract of the petitioner, estimated to be 2,500. When the sheriff seized the property, he says he has seized "2,500 granite paving blocks, more or less;" so that the precise number does not determine the matter. The proceeding required him to take all there.