WILLIAMS and another *v.* MORRISON and another.[1]

*(Circuit Court, E. D. Missouri.* November 3, 1886.)

REPLEVIN—VERDICT—ASSESSMENT OF VALUE.
Where, in a replevin suit, a number of the articles seized under the writ, delivered to the plaintiff, and by him disposed of, are found by the jury to have belonged to the defendant, and to have been unlawfully taken from him, their value should be assessed.

At Law. Motion by defendants for a new trial.
For the report of the trial, see 28 Fed. Rep. 872.
*Charles A. Davis* and *C. D. Saucey,* for plaintiffs.
*Frank M. Estes,* for defendants.

TREAT, J., (*orally.*) This was an action of replevin. The case was submitted to the jury under instructions given by the court. The case is peculiar in many of its incidents. I was very strongly under the impression, from all that was developed in the trial, that the court ought at once to have ordered the dismissal of the case. Whether it should so do will be reserved for the next trial. In no possible aspect of the case can this verdict stand.

The circuit court of Wayne county issued a writ of replevin, under which writ, as far as the record discloses, 2,500 blocks of granite had been seized, and were in the custody of the law; the rights of the parties thereto to be determined by the state tribunal. The parties supposing that they could treat the proceedings there, under some supposed decisions of the supreme court of the state of Missouri, as void, brought this case, seized all those blocks, and other blocks that happened to be on the premises; the property was delivered by the United States marshal to the plaintiffs, by them disposed of, and the proceeds retained.

Now, taking the verdict of the jury as a basis for the action of this court, while it decides that 2,500 of the blocks were not the property of these plaintiffs, but were included in the levy under the Wayne county process, the jury gave no value therefor; and the result is, if this verdict

---

[1] Edited by Benj. F. Rex, Esq., of the St. Louis bar.

is to be upheld, these parties plaintiff get property that did not belong to them, and do not account for it. It is one of those cases where it is very difficult for a jury, without specific instructions, to so frame their verdicts as to enable the court to render judgment; but in no possible aspect can the verdict stand as rendered. The motion for new trial will be granted, and the motion in arrest overruled.

There is another thought that might be added. This attempt to use United States courts to interfere with the lawful jurisdiction of other courts, on very doubtful propositions, deserves the largest measure of discouragement. This court would unhesitatingly repel an attempt on the part of a state court to interfere with the lawful custody of its ministerial officer, and, with equal regard, would repel any attempt to have it used to interfere with the lawful custody of the state courts. It should not suffer itself to be used for any such purpose. A practical illustration of this occurred at a very early day,—I think as early as 1858 or 1859,—the doctrine of which will be found in the case of *Taylor* v. *Carryl,* 20 How. 583, where the supreme court of the United States went over all these questions, urging, I think with great wisdom, (and, of course, that court is always wise,) the necessity of observing these rules. I am also informed by my brother judge that there is a similar case in the same direction. *Covell* v. *Heyman,* 111 U. S. 176; S. C. 4 Sup. Ct. Rep. 355. I had so much to do with the *Taylor and Carryl Case* that it impressed itself more distinctly upon my memory. If this complex government of ours is to be administered with perfect harmony of systems, each must be careful not to overstep its jurisdiction, or suffer itself to be used, for any mere casual purpose, to destroy the harmony of the systems. I make these remarks because, if I should sit at the next trial of this case, I wish the parties to prepare themselves for the particular question. I am in great doubt whether I should not have dismissed the suit in the first instance.

BREWER, J., (*orally.*) I may be pardoned if, in connection with the matter referred to by Judge TREAT, I call attention to what seems to me to be a very felicitous expression by Justice MATTHEWS in deciding the case of *Covell* v. *Heyman,* that went up from Michigan. He said that courts of the United States and the courts of a state, though occupying the same territory, do not occupy the same plane, and that, when goods are seized under process issued out of one court, it is the same, so far as the other is concerned, as though the goods were removed out of the territory. The same question was argued before me last Friday, in which that case was cited; and I thought the expression very felicitous, as showing that the two courts never interfere with each other.