LACOMBE, Circuit Judge. This is a motion to vacate an attachment and discharge a levy thereof upon a fund in the hands of the Mercantile National Bank, unless the plaintiff herein consents to appear and to yield to the jurisdiction of the New York Supreme Court and to allow the question as to its right, if any, under and by virtue of said warrant of attachment, to be determined in said court on the merits. The fund is claimed by two other persons besides Neeley, and suit has been brought against the bank in the state court. Apparently in no other way can the rights of the bank, who is a mere stakeholder, be protected.

The determination of the question whether or not the United States shall voluntarily appear in an action in a state court is one to be determined by the executive branch of the government; i. e., by the Attorney General. The proposition that a federal court shall compel that officer by threat of an adverse decision to make such "voluntary ( ? )" appearance is an interesting one, which has apparently once before been considered in this court (Johnston v. Stimmel, 89 N. Y. 117), but which need not be discussed here. The Attorney General states that the United States disclaims any interest in the litigation, which it appears is being prosecuted in the name of the United States solely for the benefit and at the expense of the Cuban government. There is no reason why the Cuban government should not appear in the state court case, and, indeed, every obligation of fair dealing requires it to do so.

The motion is therefore granted.

---

## UNITED STATES v. NEELY.

(Circuit Court, S. D. New York. March 19, 1906.)

ATTACHMENT—VACATION—MOTION BY CLAIMANT OF PROPERTY.

A third person, claiming ownership of a fund in a bank attached as the property of a defendant, through a transfer to him of the certificate of deposit issued for the same, may properly intervene in the action, and assert his claim by a motion to vacate the attachment as to such property; but the attachment will not be vacated on such ground on ex parte affidavits.

On Motion to Vacate Attachment.

H. Melville Walker, for the motion.

Arthur M. King, opposed.

LACOMBE, Circuit Judge. Kaulbach, who claims the money represented by the certificate of deposit, apparently acquired whatever interest he has subsequent to the levy. He should not, however, for that reason be denied opportunity to establish a claim, if he can do so, either personally or through Russey, under the principles governing negotiable paper. He has quite properly, although not a party, moved in this action, because in that way a decision can be reached much more quickly and economically than in any other. Judging from a communication received from his counsel, he does not understand

the practice usual here when there is a conflict of affidavits upon a motion, and confounds it with the state reference of all the issues. As was stated on the argument, it would be grossly improper to vacate attachment on either Kaulbach's or Russey's ex parte affidavit untested by cross-examination. The case is therefore sent to the clerk of the court to take such testimony as may be offered, and report the same to the court promptly. Notice of the hearing should be given to the bank and to Russey, and they should be allowed to intervene. To save expense, the testimony of Russey or of any one else living more than 100 miles from the courthouse, may be taken by commission upon direct and cross interrogatories. Whether there shall be any delay, or not rests wholly with the moving party. If he is reasonably expeditious, there is no reason why the testimony may not be completed and the matter disposed of within two weeks. The suggestion of calling witnesses from the Attorney General's office and producing books and documents from the banks is preposterous. No questions calling for any such proof are to be decided. A single witness from the bank will prove the genuineness of the certificate of deposit, and, if petitioner can show that he is a bona fide holder for value with a title superior to the levy, the attachment will be vacated. If he cannot show this, no other alleged defect in the levy will be considered, because, if he is not such a bona fide holder, he is a mere stranger, who has no concern in the question whether the levy was properly made or not.

This summary proceeding is much less expensive than the litigation proposed in the state courts. There are no costs on motions in the federal courts. The affidavit of Kaulbach, on which he relies as entitling him to relief, does not make out a prima facie case, because its averments are rather of conclusions than of facts.

---

## BROWN v. MAGEE et al.

### (Circuit Court, E. D. Pennsylvania. July 14, 1906.)

### No. 15.

DISCOVERY—OWNERSHIP OF STOCK IN CORPORATION—BILL BY RECEIVER.

> A receiver for an insolvent corporation who has been ordered by the court to collect an installment due from stockholders for the benefit of the creditors is entitled to maintain a bill of discovery against a broker, who as agent purchased certain of the stock for an undisclosed principal, to compel a disclosure of the real ownership of such stock to enable him to bring a suit for the collection of the assessment.

In Equity. On bill of discovery.

Burr, Brown & Lloyd, for complainant.

Rudolph M. Schick, for respondents.

HOLLAND, District Judge. The question in the former suit was whether the defendant Kurtz was liable as agent for an assessment on this stock, and the court held he was not liable. The question now raised by the bill is the plaintiff's right to compel the defendants to disclose the real ownership of the stock. It is an entirely different