Opinion by
Morrison, J.,
This suit was commenced by an attachment under the fraudulent debtors’ Act of March 17, 1869, P. L. 8, and the amendatory Act of May 24, 1887, P. L. 197. The writ was executed by attaching effects of the defendant in the hands or possession of the Philadelphia and Reading Railway Company, and summoning it as garnishee. The defendant was not served, and thére was never any appearance by or for him entered in the case. Therefore, by the plain terms of the act of assembly, and the decisions thereunder, dissolving the attachment, by the court, would end the suit.
The first assignment of error is in effect that the court erred in permitting Sallie Esterly, executrix, etc., and William F. Stitzer, to intervene and defend in the said case. We do not think this assignment can be sustained, because it was in the discretion of the court, on their’ averment of interest in the subject-matter of the suit, to make the order permitting the parties named therein to intervene for the purpose of protecting their interests which might be affected by the result of the suit. But if the court was not warranted in making the intervening order, it belongs to a class of interlocutory orders, not final, which cannot be reviewed on appeal till the suit is tried and a final judgment entered in the court below. The plaintiff has his exception to the order and if he should appeal from the final judgment, the granting of said order ' can then be considered and passed upon by the appellate court. The first assignment is not sustained.
*506 As to the order of February 18, 1907 (second assignment), we take a different view. As has already been said, the defendant was not served and he never appeared, and, therefore, the dissolution of the attachment ended the suit. The ground on which the court dissolved the attachment was the showing by the interveners that the defendant had committed no acts of fraud sufficient to sustain the attachment. The suit being ended and the plaintiff put out of court by the order of February 18, 1907, he had a right to appeal and have the legality of that order reviewed by this court: Franklin Coal Co., Limited, v. Pennsylvania Water Co., 25 Pa. Superior Ct. 628, and cases there cited.
We do not think the interveners had the right to procure the dissolution of the attachment, thus ending the suit. “The intervener must take the suit as he finds it. He is bound by the record of the case at the time of his intervention. If he claims property in controversy, he can interfere only so far as it is necessary to prove his right to it:” 17 Am. & Eng. Ency. of Law (2d ed.), 185; 11 Ency. Pl. and Pr. 509.
If the defendant had, without collusion, appeared, admitted the fraud alleged, and the validity of the debt, his sureties would not have been permitted to attack the judgment against him, except for fraud in obtaining it. We have been referred to no authority satisfying us that the learned court could lawfully permit the interveners to come into the case for the purpose of raising technicalities and striking down the action. The plaintiff had the right to select a defendant and proceed against him to the end, notwithstanding technical objections raised by persons strictly strangers to the suit and only permitted by law and practice to intervene to protect their interests in property or assets which might be injuriously affected by the final result of the suit. We will not pass upon the merits of the attachment at this time, and, therefore, much of the appellee’s argument will not be noticed. The learned counsel for appellee cites Wightman v. Henry, 1 W. N. C. 74, and Fernau v. Butcher, 18 W. N. C. 270, to sustain the court in dissolving the attachment on the ground that no fraudulent act was established against the defendant. But in both of *507 those cases, the defendants appeared and rebutted the alleged fraudulent acts relied on by the plaintiffs. Moreover, in Fernau v. Butcher there was a personal service, and dissolving the attachment did not end the suit as was said by the Supreme Court in the case.
We are constrained to sustain the second assignment of error and send the case back to be tried on its merits as to whether, the plaintiff or the interveners have a right to the attached property or fund in the hands of the garnishee.
Judgment reversed and procedendo awarded.