FREDERICK P. STIEFF, trading as CHARLES M. STIEFF, *vs.* MURIEL BAILEY.

1.  PARTIES—INTERVENTION—RIGHT TO INTERVENE.

The right of a third person to intervene at law in an action in which he is not a party depends largely, if not entirely, on the necessity for such intervention.

2. PARTIES—INTERVENTION—RIGHT TO INTERVENE.

To justify intervention of a third party in an action at law, it must be shown that he has such a relation to the subject-matter of the action and to the original parties thereto that necessity requires the litigation of his rights in conjunction with those of the original parties.

3. REPLEVIN—PARTIES—INTERVENTION—BAILIFF.

Where, in replevin to recover a piano against a tenant, plaintiff did not join a bailiff of the landlord, who had levied a distress warrant thereon, the bailiff was entitled to intervene and defend under his distraint.

(*September* 29, 1913.)

PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J., sitting.
*Hugh M. Morris* (of *Saulsbury and Morris*) for plaintiff.
*David J. Reinhardt* for intervenor.
Superior Court, New Castle County, September Term, 1913.

ACTION by Frederick P. Stieff, trading as Charles M. Stieff, against Muriel Bailey. Application by Charles Green, as bailiff of the landlord of the premises from which the property replevied was taken, to intervene and to claim the property on behalf of the landlord. Granted.

By the writ of replevin issued in this case, a piano was taken from the defendant and delivered to the plaintiff. Charles Green, the bailiff of the landlord of the premises (from which the piano was taken upon the replevin), claims that the piano is liable for the payment of rent by the defendant, and that as bailiff of the party to whom the rent is due he has an interest in the property replevied, by virtue of an antecedent distress thereupon, and prays leave to intervene in this action in his capacity of bailiff, and to be made a party defendant for the purpose of interposing his defense as bailiff to the recovery of a judgment by the plaintiff.

The application is opposed by the plaintiff upon the ground that the right to intervene and interplead in such a case is neither conferred by statute nor given by the common law.

WOOLLEY, J., delivering the opinion of the court:

This application is twofold in substance. It is an application for leave to intervene, to be followed by a rule to interplead, the controversy having shifted from the plaintiff and defendant to the plaintiff and the person seeking leave to be made a party.

The remedy by interpleader was not altogether unknown at common law, but it was very narrow in its application. It was usually confined to actions of *detinue, quare impedit*, and writs of right of award (2 *D'Anv. Abr. tit. "Enterpleader"*; 23 *Cyc.* 2), and, when invoked, sometimes required the presence of a new party claimant, who, if not in court upon his own application, was brought into court by appropriate process (3 *Reeves, Hist. Com. L. c.* 23, *pp.* 448-455; 2 *Story, Eq. Jur.* § 801).

[1] The practice was recognized in the early colonial and state courts, and has since grown and somewhat expanded in its application. It is based upon the theory that a person with rights to urge or protect may be without an opportunity at law to maintain or protect them unless permitted to intervene and interplead in the one matter and in the only court in which these rights are being litigated, and that without such permission the law affords no means, under the peculiar circumstances of a case, for the enforcement of a right or the prevention of a wrong. The right of a person to intervene at law in an action in which he is not a party depends largely, if not entirely, upon the necessity for intervening.

[2] To justify the injection in an action at law of a new party by intervention, it must be shown that the new party has a relation to the subject-matter of the action and to the original parties thereto, that of necessity requires the litigating of his rights in conjunction with the litigating of the rights of those originally joined. This is recognized in the situation where a mortgagee institutes an action of *scire facias* on a mortgage, making as party defendants only the mortgagors, who may have lost all interest in the obligation by the alienation of the property upon which it is a lien, and omitting as party defendant, as may be done, the terre-tenant. If the terre-tenant is not a party, but has a defense to the foreclosure of the mortgage against his land, there is no way at law for him to make such a defense to the action without being made a party thereto. If the mortgagee has not made him a party, the court will allow him to intervene and become a party, and in that way, from the very necessity of the situation, permit the terre-tenant by affidavit of defense or plea to present and have heard his defense to the action.

[3] In the case under consideration, the plaintiff could, and if he knew the fact, probably should, have joined as a party defendant the bailiff who levied a distress upon the property intended to be replevied, thereby putting him in a position to have adjudicated his rights to the property they both claimed. The failure of the plaintiff to properly join in the action a proper party in interest should not defeat the rights of the party not joined. There being no way at law for the bailiff to defend under his distraint, except as a party, and as the plaintiff has failed to make him a party, then from the necessity of the situation the court will make him a party by permitting him to intervene as such.