JOHN E. McCALL *vs*. MILTON STERN, trading as AUTO TRANSIT COMPANY and JOSHUA Z. CROSSLAND, Sheriff.

REPLEVIN—REDELIVERY BOND—WRIT DE RETORNO HABENDO.

Where the officer refused to give defendant in replevin reasonable time to furnish a property bond before delivering the goods to plaintiff, a writ of de retorno habendo pendente lite will be issued upon entry by defendant of proper security.

(*February* 12, 1919.)

CONRAD and HEISEL, J. J., sitting.
*Wilbur L. Adams* for plaintiff.
*Edmund S. Hellings* for defendants.
Superior Court, New Castle County, February Term, 1919.

ACTION OF REPLEVIN, No. 59, March Term, 1919.

Action in replevin by John E. McCall against Milton Stern, trading as the Auto Transit Company, and Joshua Z. Crossland, Sheriff. Petition by defendant Stern for a writ de retorno habendo pendente lite. Writ granted.

Petition of defendant Stern for the issuance of a writ de retorno habendo pendente lite, upon giving proper security. The body of the petition was as follows:

"The petition of Milton Stern, trading as Auto Transit Company, respectfully represents:

"That he is one of the defendants in the above stated case and that the above writ of replevin was issued on Monday, the tenth day of February, A. D. 1919, at three o'clock in the afternoon of that day, and the goods and chattels were replevied from the said defendants by Isaac S. Bullock, coroner of New Castle county, to whom the writ was directed.

"That the said Isaac S. Bullock, coroner as aforesaid, delivered the goods and chattels, to wit, one used Paige touring car and equipment, six-cylinder, motor No. 57013, to the said plaintiff in the said writ forthwith and refused and denied to the said defendant the right to give a property bond and keep possession of the goods and chattels mentioned and described in the said writ, although your petitioner within one hour from the time when the said writ of replevin was issued and the said goods and chattels delivered to the coroner of New Castle county, offered to give a property bond with surety, in order to retain possession of the said goods and chattels.

"Wherefore your said petitioner prays that a writ de retorno habendo be awarded to him of the said goods and chattels, pending the outcome of said action, upon giving proper security."

In support of his contention that the writ should issue, Mr. Hellings, for defendant, cited *Harris on Modern Entries, vol. 2, page* 456, writ form No. 126.

Mr. Adams, for plaintiff, contended that the writ de retorno habendo, being the writ of execution in replevin, could not issue pendente lite, but only issued for the purpose of carrying into execution the verdict of the jury for the return of the goods.

PER CURIAM: Where it appears that the officer in charge of the execution of the writ of replevin refused to give reasonable time to the defendant in the writ to give property bond and retain possession of the goods pending the action of replevin, the court will direct to be issued a writ of de retorno habendo pendente lite, upon the entering of proper and sufficient security by the defendant in the writ of replevin.