## IN RE GOULD, SHERIFF.

1. SHERIFFS AND CONSTABLES—SHERIFF MAY ASK COURT FOR INSTRUCTION RESPECTING DELIVERY OF PROPERTY HELD IN CUSTODIA LEGIS.

Where sheriff under a writ of replevin issued out of Superior Court took possession of property, and, while the same was in his custody and in custodia legis, it was taken under a writ of replevin issued by a justice of the peace, petition and rule to show cause by the sheriff was the proper proceeding to bring the parties in interest into court and to present the matters in controversy to the court, the sheriff having the right to ask the court for instruction respecting the delivery of the property.

2. JUSTICES OF THE PEACE—JURISDICTION IN REPLEVIN STATED.

Prior to 1917, justices of the peace had not jurisdiction in replevin, but under Act April 9, 1917 (29 *Del. Laws, c.* 256), they now have concurrent jurisdiction with the Superior Court.

3. REPLEVIN—PROPERTY HAVING BEEN REPLEVIED ON WRIT ISSUED OUT OF ONE COURT, NO OTHER COURT HAS JURISDICTION TO INTERFERE.

Goods and chattels taken by sheriff of county under a writ of replevin issued out of Superior Court may not be taken while in his custody and in custodia legis under a writ of replevin issued by a justice of the peace, since the property replevied cannot be subject to two jurisdictions at the same time, under Act April 9, 1917 (29 *Del. Laws, c.* 256).

4. REPLEVIN—PROPERTY HELD BY PARTY UNDER BOND IN CUSTODY OF LAW.

Property taken under a writ of replevin is in the custody of the law, whether in the hands of a party to the suit who has given bond, or held by the officer executing the writ, and cannot be taken by a second writ, although the person procuring it is a stranger to the original replevin suit.

5. REPLEVIN—DEFENDANT ENTITLED TO REASONABLE TIME TO GIVE COUNTER BOND.

Officer levying on property under writ of replevin must, before making delivery to the plaintiff, give the defendant a reasonable time to give a counter bond, and the same opportunity may be taken advantage of by a third person having a right to intervene in the suit.

(*March* 11, 1921)

PENNEWILL, C. J., and CONRAD, J., sitting.

*James I. Boyce* for petitioner.

*Robert Adair* for respondents.

Superior Court for New Castle County, March Term, 1921.

RULE No. 157, March Term, 1921.

Application by Joseph E. Gould, Sheriff for New Castle County, for rule against Mary J. Cole and others to show cause why

property taken in replevin by him should not be delivered to the plaintiff in the writ.   Rule issued and made absolute.

On March 4, 1921, by virtue of a writ of replevin issued out of this court at the suit of Jacob Simkin, trading as *Owners' Auto Finance Company v. Andrew E. Cole, Jr.*, the sheriff replevied a certain Ford automobile, model T., motor No. 1,867,368, and summoned the said Andrew E. Cole, Jr., personally to answer the said writ.

Later on the same day Mary J. Cole sued out a writ of replevin for the said automobile before Harry B. Stradley, justice of the peace in and for New Castle county, and joined the said Jacob Simkin, trading as Owners' Auto Finance Company, and the said Joseph H. Gould, sheriff of New Castle county, as parties defendant in the said suit.   The sheriff was served with the writ issued at the instance of the said Mary J. Cole, and demand was made upon him for the delivery of said automobile, but the sheriff declined and refused to deliver up the said automobile and has prayed for a rule directed to the said Mary J. Cole, Andrew E. Cole, Jr., and the said Harry B. Stradley, justice of the peace, to show cause, if any they have, why the said automobile should not be delivered to the said Jacob Simkin, and the rule was issued.

PENNEWILL, C. J., after stating the case as above, delivering the opinion of the court:

The rule is now before the court, and the question to be determined is, whether goods and chattels taken by the sheriff of the county under a writ of replevin issued out of this court may be taken from the sheriff while in his custody and in custodia legis under a writ of replevin issued by a justice of the peace.

[1]   Respecting the preliminary objection made to the rule by the defendant, viz. that the right of the justice of the peace to issue the writ complained of cannot be determined in this proceeding, we will say that the sheriff is an officer of this court, and in the execution of the writ of replevin placed in his hands was acting under the direction of the court, and as its agent.   He had, therefore, after the second writ was issued, the right to ask the court for in-

struction, respecting· the delivery of the property to the plaintiff, no counter bond having been given.   A petition and rule to show cause was the proper proceeding to bring the parties in interest into court, and to present the matter in controversy to the court.

[2]   Prior to 1917 justices of the peace had not jurisdiction in replevin, but it is now provided *by* 29 *Del. Laws*, 836, *c*. 255, that:

"Justices of the peace shall severally within their respective counties have concurrent jurisdiction with the Superior Court of actions of replevin and detinue where the value of the property in controversy does not exceed the sum of two hundred dollars.  ($200.00)."

[3]   It is well settled that by the service of a writ of replevin the court from which the writ issues obtains possession and control of the property replevied for all purposes of jurisdiction in the replevin suit and no other court can subsequently interfere with such possession.   The property replevied cannot be subject to two jurisdictions at the same time.

[4]   The property taken is in the custody of the law, whether in the hands of a party to the suit who has given bond, or held by the officer who executed the writ, and cannot be taken by a second writ, although the person procuring it is a stranger to the original replevin suit.   *Cobbey on Replevin*, §§ 706 and 709;   *Hagan v. Lucas*, 10 *Pet.* 400, 9 *L. Ed.* 470;   *U. S. v. Dantzler*, 3 *Wood*, 719, *Fed. Cas. No.* 14,1917;   *Williams v. Morrison (C. C.)* 29 *Fed.* 282 *Id.*, 28 *Fed.* 872;   23 *R. C. L.* 881;   *Welter v. Jacobson*, 7 *N. D.* 32, 73 *N. W.* 65, 66 *Am. St. Rep.* 632.   These propositions are not only supported by the weight of authority, but we have seen none to the contrary.   Such being the law, we are constrained to hold that the automobile in question could not be taken from the possession of the sheriff under the writ issued by the justice of the peace, and the rule must, therefore, be made absolute.

[5]   But while the sheriff is authorized to deliver the automobile to the plaintiff in his writ, he must, before making the delivery, give the defendant a reasonable time to give a counter bond.   Under the law as declared in the case of *McCall v. Milton Stern ·and Joshua Z. Crossland, Sheriff*, 7 *Boyce*, 233, 105 *Atl.* 666, such an

opportunity must be given the defendant in a replevin case, and in view of the peculiar facts of this case the court is of the opinion that the defendant should have the same opportunity to give counter bond now that he would have been entitled to if the writ had not been issued by the justice. And the same opportunity may be taken advantage of by Mary J. Cole, the plaintiff in the replevin writ, issued by the justice of the peace, for she would have the right to intervene in the suit pending in this court and give counter bond. *Pond v. Benzik, 6 Boyce,* 451, 100 *Atl.* 476.