## Security Finance Company v. Murray.

*Attachment—Fraudulent debtor's attachment—Standing of garnishee— Bond—Acts of March 17, 1869, P. L. 8, and May 24, 1887, P. L. 197—Practice, C. P.*

In attachment under the Fraudulent Debtors' Act, the bond required must be approved by the court before the issuance of the attachment, but the garnishee has no standing to move to quash for failure to have bond approved.

Rule to show cause why attachment should not be quashed. C. P. Cumberland Co., Dec. T., 1924, No. 240.

*McCrea & McKeehan*, for petitioner, garnishee.

*J. M. Rhey*, for respondent.

BIDDLE, P. J., July 31, 1925.—This was an action of *assumpsit* commenced by an attachment under the Fraudulent Debtors' Act of March 17, 1869, P. L. 8, as amended in 1887, brought by the Security Finance Company against Lindley R. Murray. A bond in double the amount of the claim was filed with the prothonotary prior to the issuance of the attachment, but the bond was not approved by the prothonotary, nor was it ever presented to the court for approval, and the attachment issued without such approval having been secured. Goods in the possession of Raymond L. Shenk were levied upon, and he was summoned as garnishee. The attachment issued Nov. 18, 1924. On March 3, 1925, Raymond L. Shenk, the garnishee, presented a petition, asking that the attachment be quashed because of the plaintiff's failure to secure the approval of the bond by the judge of this court prior to the issuance of the attachment. A rule to show cause was granted on March 3, 1925, and the plaintiff filed an answer, alleging that the garnishee had no standing to make the motion to quash, and also asking the court to approve the bond *nunc pro tunc*.

In a proceeding of this nature, we think that the directions of the act must be strictly complied with, and that the approval of the bond by the court, or a judge thereof, prior to the issuance of the attachment, is essential to the validity of the attachment, and that the court should not approve the bond thereafter nor permit the filing of a new bond: Wallace Elliott & Co. *v.* Plukart, 6 Pa. C. C. Reps. 151; McMasters *v.* Majewski, 5 D. & C. 279.

If the present rule had been granted at the instance of the defendant, we would have no hesitation in making it absolute. It was urged, however, with much force by the learned counsel for the plaintiff that the garnishee had no standing to ask that the writ in this case be quashed, and it was suggested that no authority for such a proceeding could be shown. In the case of Yost *v.* Ginley, 2 Schuyl. Legal Rep. 347, this position was sustained, although the opinion in that case contained no argument whatever in support of the position there taken; and the reason given, that the sole remedy of the garnishee was to proceed by an interpleader action, is one with which we cannot agree. In the case of National Bank of the Republic *v.* Tasker, 1 Pa. C. C. Reps. 173, a similar attachment was quashed on the application of one claiming to be the owner of the goods attached; and this case would seem to be authority for the action of the garnishee here. In the case of Lumber Co. *v.* Moyer, 35 Pa. Superior Ct. 503, the appellate court held that the lower court had not exceeded its power in permitting a claimant of the goods attached from intervening in his behalf; but the court there held that, while such intervention was proper, the intervenor might proceed only as far as was necessary for his own protection, and might not ask to have the case stricken down alto-

gether on a technical objection. While the report of that case does not show that the claimant intervening had been summoned as garnishee, we do not think that this alone is sufficient to distinguish that case from the present one, and we feel bound by the ruling of the court there to hold that the garnishee may not ask to have the attachment quashed; and this view, if correct, would conclusively control the matter before the court here.

It may be gravely doubted whether any judgment recovered by the plaintiff in the present state of the record would furnish a valid foundation for a subsequent effort to realize on the goods attached; but we are not called upon to determine that question at the present time. It is sufficient to hold that the garnishee has no standing here to ask for the quashing of the writ of attachment.

And now, July 31, 1925, the rule in this case is discharged.

From Francis B. Sellers, Carlisle, Pa.