BANKERS MORTGAGE COMPANY *vs.* ALFRED SOHLAND.

(*May* 2, 1927.)

RICE and HARRINGTON, J. J., sitting.

*Caleb S. Layton* and *James R. Morford* (of Marvel, Layton, Hughes and Morford), for plaintiff.

*Aaron Finger* for Citizens Trust Company of Allentown, Pa., the intervening petitioner.

Superior Court for New Castle County, September Term, 1926.

No. 173, September Term, 1926.

HARRINGTON, J., delivering the opinion of the Court:

The plaintiff contends (1) that intervention is a right unknown to the common law and there being no statutory provision authorizing it the right contended for does not exist in this State; (2) that the rights claimed by the petitioner are purely equitable in character, and, therefore, must be litigated in the Court of Chancery.

While there may have been exceptions in certain cases in the English Ecclesiastical Courts, it is true that the right to intervene in an action at law was a civil law remedy and did not, as a general rule, exist at common law. 123 *Am. St. Rep.* 280, note; 18 *Ann. Cas.* 594, note; 23 *L. R. A.* (*N. S.*) 540, *note*; 20 *R. C. L.* 683; *Pennsylvania Steel Co. v. N. J. So. R. Co.*, 4 *Houst.* 572.

For the prevention of the abuse of process, or, perhaps, more strictly speaking, for the prevention of circuity of action, and the delays and expenses arising therefrom, or as it is sometimes stated, on the ground of necessity, this right has, nevertheless, been recognized in this State, where the person seeking to intervene claims some right in or lien on the property attached. *Steiff v. Bailey*, 4 *Boyce* 508, 89 *A.* 366; *In re Gould*, 1 *W. W. Harr.* (31 *Del.*) 218, 113 *A.* 900.

While the authorities are not uniform, there is, however, ample support in this country for this position. *Kean v. Doerner*, 62 *Md.* 475; *Megee v. Beirne*, 39 *Pa.* 50; *Pike v. Pike*, 4 *Fost.* (24 *N. H.*) 384; *Daniels v. Solomon*, 11 *App. D. C.* 163; *Sailor Planing Mill & Lumber Co. v. Moyer*, 35 *Pa. Super. Ct.* 503; *Gumbel v. Pitkin*, 124 *U. S.* 131, 8 *S. Ct.* 379, 31 *L. Ed.* 374; *U. S. v. Neeley* (*C. C.*), 146 *F.* 764; *Torreyson v. Turnbaugh*, 105 *Mo. App.* 439, 79 *S. W.* 1002; 6 *C. J.* 373, 376, 2 *R. C. L.* 882; *Potlatch Lumber Co. v. Runkel*, 16 *Idaho* 192, 101 *P.* 396, 23 *L. R. A.* (*N. S.*) 536, 18 *Ann. Cas.* 591; 123 *Am. St. Rep.* 280.

It is true that the Delaware cases above cited are inconsistent with the *Pennsylvania Steel Co. v. N. J. So. R. Co.*, 4 *Houst.* 572 (578), decided by this Court in 1874, but while it does not appear that the Houston Case was called to the attention of the Court, in the more recent cases it is clear that the conclusion reached by it was not adhered to in those cases.

The right to intervene in a proper case, therefore, exists in this State, but whether the particular facts require the application of such right is to some extent, at least, in the discretion of the Court to which the petition is presented. 123 *Am. St. Rep.* 287; *Clough v. Curtis*, 62 *N. H.* 409; *Sailor Planing Mill & Lumber Co. v. Moyer*, 35 *Pa. Super. Ct.* 503.

*Byall v. Rigdon*, 6 *Boyce* 544, 100 *A.* 835, merely applied this principle. The right to intervene in a proper case was conceded but the Court refused the appliction of the petitioner because under the particular facts involved justice could not be done in a court of Law to all parties concerned.

There may have been other unreported cases where the ap-

plication to intervene was granted, and still others where it was refused, but we know of no case in which the Stieff Case was overruled.

The plaintiff in this action, also, contends that this is not a proper case for intervention because the rights set up by the petitioner are purely equitable in character.

The petitioner alleges that he made a certain loan to Alfred Sohland, the defendant, for which Sohland gave his note, and for the *bona fide* purpose of securing the money lent, also, delivered with said note and as collateral security therefor certificate No. 285 "duly assigned" for 500 shares of the preferred capital stock of Bankers' Mortgage Company, and that said 500 shares of preferred stock, evidenced by said certificate, was precisely the same stock that was subsequently attached by the plaintiff in this proceeding.

It does not appear from the petition filed that the stock in question was transferred to the Citizen's Trust Company on the books of the Bankers' Mortgage Company. In fact, the attorney for the Trust Company concedes that it was not so assigned, but under the decisions of this State that step is not necessary in order to convey title to the assignee. *State ex rel. Cook v. N. Y. Mexican Oil Co. et al.*, 2 *W. W. Harr.* (32 *Del.*) 244, 122 *A.* 55.

The Citizens' Trust Company is, therefore, permitted to intervene in this action.