ALBERT R. PATRIDGE *vs*. FRANK L. MARSTON.

Cumberland.      Opinion November 1, 1928.

*Frank H. Haskell*, for plaintiff.
*Oakes, Skillin & Tapley*, for defendant.

Sitting: Wilson, C. J., Philbrook, Dunn, Deasy, Barnes, Pattangall, JJ.

Deasy, J.   Assumpsit on a promissory note payable to the plaintiff, of which note the defendant, Frank L. Marston, is the maker.

Real estate in the name of Ermina B. Marston is attached upon the ground, as alleged in the instructions indorsed upon the writ, that "said real estate was conveyed by the said Frank L. Marston to his wife, Ermina B. Marston, in fraud of this creditor and without consideration."

Ermina B. Marston filed a petition for "leave to intervene and defend against said allegation and said attachment."

Intervention was refused by the Justice presiding. The correctness of this ruling is the only issue before the Court.

The petitioner relies upon R. S., Chap. 87, Sec. 32, which provides that "grantees may appear and defend in suits against their grantors in which the real estate conveyed is attached."

If the petitioner were asking leave to intervene to "defend" in the sense in which that word is used in the statute, i.e., to defend against the allegations contained in the declaration, the statute would apply literally. She is a grantee. The suit is against her grantor. The real estate conveyed is attached. Moreover, the case in such event would be within the intent and purpose of the statute.

The plaintiff cites *Sprague* v. *M'fg. Co.*, 76 Maine, 417, as contra, relying, however, upon a sentence wrenched from the context. The opinion in that case says "The provision is applicable only to grantees whose conveyances were subsequent to the attachment; otherwise, their duly recorded deeds would take precedence of the attachment and they would have no occasion to defend."

If the petitioner's "duly recorded deed (takes) precedence of the attachment" and therefore she has "no occasion to defend," she plainly should not be permitted to intervene. This is what the Sprague case holds. But the plaintiff having specially attached

the real estate conveyed is apparently indisposed to admit such precedence.

The petitioner fails, however, in that she asks to intervene, not to defend against the allegations of the declaration but to defend "against said allegation (of fraudulent conveyance) and said attachment," matters which are not contained in the declaration and are not and cannot be made issues in the present case.

But the petitioner contends that independently of the statute she should be permitted to intervene. This contention is challenged by the plaintiff.

It is probably true that no authority for this practise can be found in the ancient law books. True also that most of the cases on the subject are cases construing State statutes or codes and are therefore irrelevant.

In several states, however, having no statutory or code provision on the subject intervention in suits at law has been sanctioned and upheld. *Reynolds* v. *Damrell*, 19 N. H., 397; *Pike* v. *Pike*, 24 N. H., 394; *Clough* v. *Curtis*, 62 N. H., 409; *Smith* v. *Gettinger*, 3 Georgia, 145; *Stieff* v. *Bailey*, 27 Del., 508; 89 Atl., 366; *Banker's Co.* v. *Sohland*, Del. 138 Atl., 361; 23 L. R. A., N. S., 540, note. Several of the above authorities are cited with approval in *Gumbell* v. *Pitkin*, 124 U. S., 131; 31 L. Ed., 379.

In other states having statutory provisions regulating the subject intervention has been allowed though "not within the relevant statute." *Gibson* v. *Ferrell*, 77 Kan., 454; 94 Pac., 783; *Consolidated Co.* v. *Scotello*, 21 New Mex., 492; 155 Pac., 1089; *Awbrey* v. *Estes*, 216 Ala., 66; 112 So., 529.

But upon principle and authority intervention is allowed only when the rights of the intervenor are directly involved. *Glover* v. *Smith*, 126 Maine, 397. And only when necessary to preserve or protect such rights.

The petitioner's rights which by intervention she seeks to defend are not involved. Intervention is not necessary to preserve or protect them. The question of fraud is an open one which can be determined by appropriate procedure.

For these reasons and for the further independent reason that the bill of exceptions is presented by Frank L. Marston who is in no legal sense aggrieved by the ruling complained of, the entry must be

*Exceptions overruled.*