Ross J. Beatty, Appellant, v. Federal Fireproof Storage Company, Defendant. J. Leger & Son, Inc., Intervening Petitioner, Appellee.

Gen. No. 36,069.

Heard in the first division of this court for the first district at the June term, 1932. Opinion filed November 14, 1932.

CHARLES H. CHAPMAN, for appellant.

ROY D. KEEHN and HARRY H. POLLACK, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff appeals from an adverse judgment in a replevin suit tried by the court in which right to the property was found in the intervenor. The replevin writ alleged that the defendant storage company wrongfully detained from plaintiff 30 oil paintings. Defendant answered that it was a licensed public warehouse; that J. Leger & Son Company had placed in storage with it 100 oil paintings and other goods and chattels; that it had been served with summons in four separate attachment suits and also by a distress warrant issued against J. Leger & Son, directed against the goods and chattels aforesaid.

J. Leger & Son, a corporation organized under the laws of New York, filed an intervening petition asserting that the pictures placed in storage and claimed by plaintiff were its property and that plaintiff had no right to them. Plaintiff filed an answer controverting these allegations of the petitioner and the issues were submitted to the court upon these pleadings.

The plaintiff sought to establish his right to the pictures by a bill of sale to him purporting to be executed by J. Leger & Son, Inc., by Sidney Leger, its president. The trial court was of the opinion that the bill of sale was not executed in conformity with the requirements of the charter of the intervening corporation and held it void. Leger & Son introduced in evidence a receipt from defendant, the storage company, showing that it had received for storage from Leger & Son 100 pictures with other chattels, which included the identical pictures sought in the replevin suit. Consequently the court entered judgment, based upon the asserted invalidity of the sale, in favor of the intervenor.

The trial court correctly found that Mr. Sidney Leger was president of J. Leger & Son, Inc. The bill of sale recites that, pursuant to certain conditions and agreements, J. Leger & Son, Inc., sold and transferred to the plaintiff the 30 pictures in controversy. J. Leger & Son vouched themselves to be the true and lawful owners of the pictures, with lawful authority to dispose of the same. It was dated January 5, 1931, and signed "J. Leger & Son, Inc., by Sidney Leger, its president."

The charter of J. Leger & Son stated that its purpose was to purchase, sell, dispose of and deal in works of art, including antiques, paintings and prints; to do business outside of the State of New York, but the office to be located in that city and State; that any contract, transaction or act of the corporation "or officers of the corporation" which shall be ratified by certain stockholders shall be valid and binding as though ratified by all stockholders, "but the foregoing shall not limit or prejudice the validity or binding force of any contract, transaction or act not so approved." The particular words of the charter which it was thought prohibited the sale of the pictures by the president are these:

"In furtherance and not in limitation of the powers conferred by the Statute and of the other provisions of this Certificate of Incorporation, the Board of Directors is expressly authorized:

"(a) To sell, exchange, assign, convey or otherwise dispose of, from time to time, a part or parts of the properties, assets and effects of the corporation, less than the whole or less than substantially the whole thereof, on such terms and conditions as they shall deem advisable, without the assent of the stockholders, except as otherwise required by law."

This was construed to mean that all sales of any of the chattels of the corporation must be made by the board of directors only. We cannot accept this con-

struction. To hold that every retail sale, no matter how small, must be made by the board of directors would make it almost impossible for the corporation to carry on its business of selling paintings, antiques, prints, works of art, etc. We hold that the language of this section is designed only to restrict the sale of the whole or substantially the whole of the corporation's property without the consent of the stockholders, and does not apply to retail sales. This is a reasonable construction and is consistent with the purposes of the business of the corporation. A contract pertaining to corporate affairs within the general powers of such corporation, executed by the president on behalf of the corporation, would be presumed to be by authority of the corporation. *Green v. Ashland Sixty-third State Bank,* 346 Ill. 174; *Bloom v. Vehon Co.,* 341 Ill. 200; *Quigley v. Macqueen & Co.,* 321 Ill. 124; *Lloyd & Co. v. Matthews,* 223 Ill. 477; *Nagle v. Hanson Co.,* 262 Ill. App. 160.

It was sufficiently proven that the bill of sale to plaintiff did not convey all or nearly all of the company's property. The warehouse receipt showed the storage of 100 oil paintings with other chattels. Six months after the bill of sale the intervenor was still conducting its business in New York City. We therefore conclude that the section of the charter invoked by the intervenor does not apply and that the delivery of the bill of sale, standing alone, made out a prima facie case in favor of the plaintiff.

Plaintiff's counsel suggests in his argument, although the point is not made in the brief, that J. Leger & Son, Inc., had no right to intervene, on the ground that intervention in a replevin suit was unknown at common law and is purely of statutory origin, and that plaintiff's motion to strike its petition from the files should have been allowed.

Plaintiff filed his answer to the intervenor's petition and no motion was made to strike the petition until af-

ter the evidence upon the issue had been heard. The court had jurisdiction of the subject matter, and, as we have said under similar circumstances, plaintiff was estopped to assert that the proceedings were invalid. *Hall Printing Co. v. Wells Warehouse & Forwarding Co.*, 241 Ill. App. 146. The statutes of Illinois are silent on the right to intervene in replevin, and so far as we are advised there are no decisions in this State on this point. In 23 R. C. L. 925, it is stated that the right of a third party claiming the property to intervene in a replevin suit is generally admitted. See also *Stieff v. Bailey*, 27 Del. 508, 89 Atl. 366; *Inventions Corp. v. Slease*, 159 N. Y. S. 548.

We are asked to reverse without remanding. This is in many respects a blind case as to the merits. The record suggests many things which need explaining. The attorney for the intervenor stated at the opening of the trial that he proposed to show "that one of the rankest frauds ever perpetrated" had been imposed upon the intervenor and its president. The case went off upon the ruling of the trial court as to the validity of the bill of sale before the intervenor's attorney was called upon to prove his charges. All of the material facts should be presented upon the second trial.

The judgment is reversed and the cause is remanded for further proceedings consistent with what has been said in this opinion.

*Reversed and remanded.*

MATCHETT and O'CONNOR, JJ., concur.